UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

GANNON KEN VAN DYKE,

Defendant.

26 Cr. 156 (MMG)

**DEFENDANT GANNON KEN VAN DYKE'S**
**PROPOSED VOIR DIRE**

AGNIFILO INTRATER LLP
140 Broadway, Ste. 4530
New York, NY 10005

By: Zach Intrater
Teny R. Geragos
Jason A. Driscoll
Daniela Manzi

GERAGOS & GERAGOS, APC
256 Fifth Ave., 3rd Fl.
New York, NY 10001

By: Mark J. Geragos
Deanna Paul

Pursuant to the Court's June 9, 2026, Order, the defense's proposed *voir dire* requests on behalf of defendant Gannon Ken Van Dyke are below. We would be remiss if, in the first instance, we did not request counsel-conducted *voir dire*. Though we understand that is not the practice in this district, it is the practice of many federal districts across the country, and if the Court is inclined to allow this, the defense would keep our questioning targeted, limited, and efficient, as we do in all trials in New York Supreme Court, where attorney *voir dire* is routine.

In the alternative, the defense respectfully requests, pursuant to Federal Rule of Criminal Procedure 24(a), that the Court include the following questions in its examination of prospective jurors. We request that the Court pursue more detailed questioning if a prospective juror's answer reveals that further inquiry is appropriate and, in such instances, conclude with an inquiry as to whether the particular fact or circumstance would influence the prospective juror in favor of or against either the defendant or the government.

Finally, the defense requests that, for the questions on views of this administration's military policy and trading on prediction markets, this Court conduct individual *voir dire*.

**A. The Charges**

This is a criminal case. To help you understand the reason for the questions I'll be asking you, I want to tell you briefly about the charges. The defendant, Gannon Ken Van Dyke, has been charged by the United States with the commission of certain federal crimes in a document called an Indictment. The Indictment is not evidence itself. It simply contains the charges that the government is required to prove beyond a reasonable doubt. I will briefly summarize the charges in this case in order to give you a legal framework as you listen to the evidence for what you will ultimately be asked to do at the end of the trial. The Indictment contains five counts or charges:

Count One charges that, between approximately December 2025 and January 2026, Mr. Van Dyke unlawfully used confidential government information obtained through his military service to execute transactions on Polymarket for personal gain.

Count Two charges that, during the same period, Mr. Van Dyke stole, converted, and misappropriated nonpublic government information concerning military action in Venezuela and used it to execute transactions on Polymarket for personal gain.

Count Three charges Mr. Van Dyke with commodities fraud during the same period, based on allegations that he used material nonpublic information obtained in breach of a duty to execute transactions on Polymarket for personal gain.

Count Four charges Mr. Van Dyke with wire fraud during the same period, based on allegations that he misappropriated the government's property through transactions on Polymarket.

Count Five charges that, on or about January 22, 2026, Mr. Van Dyke engaged in a monetary transaction in criminally derived property by making, and directing others to make, a wire transfer of approximately $300,000 derived from the wire fraud alleged in Count Four.

**B. General Ability to Serve**

1. Would you have any difficulty following my instructions with respect to the fundamental principles I have just outlined?[1]

2. Do you have any personal knowledge of the charges in the Indictment as I have just described them?

[1] We assume that the Court will instruct the jurors with preliminary instructions. This question follows.

3. Is there any reason you could not view and decide fairly and impartially a case involving the charges I have just described?

4. During deliberations, would you be able to express and maintain your honestly held views about the evidence, even if other jurors disagreed or pressured you to change your mind, while remaining open to their views and willing to reconsider your own? Would you have difficulty following an instruction not to surrender an honest conviction solely because of the opinions of other jurors or merely to reach a verdict?

**C. Knowledge of the Trial Participants**

5. The defendant in this case is Gannon Ken Van Dyke. Do you know him personally, or have you, a relative, or a close friend had any dealings with him?

6. Mr. Van Dyke is represented by Mark Geragos, Teny Geragos, Zach Intrater, Jason Driscoll, Daniela Manzi and Deanna Paul. Seeing them here today, do you know any of these individuals?

7. The prosecution is represented by the United States Attorney's Office for the Southern District of New York. The trial will be conducted by Assistant United States Attorneys Ryan Finkel, Nicholas Chiuchiolo and Juliana Murray, assisted by David Naguib. Seeing them here today, do you know any of these individuals?

8. Are you familiar with anyone else present in the courtroom, including court personnel or myself? Did you recognize any of your fellow prospective jurors in the jury assembly room?

9. I will now provide a list of individuals who may be witnesses or may be mentioned during the trial.[2] Do you know any of them personally? Have you had any dealings, directly or indirectly, with any of them? To your knowledge, have any of your relatives, friends, or associates had any such dealings? Please identify the relevant person by the number on the list rather than by name.

**D. Relationship With and Views Regarding Government and Defense**

10. Have you ever studied or practiced law or worked in any capacity for a law office?

11. Have you or has a relative or close friend worked for or with any federal, state, or local law enforcement agency, including a prosecutor's office or the FBI, in any capacity, including as a contractor? If so, please describe that work.

12. Have you or has a relative or close friend done work for or been associated with a criminal defense lawyer or private investigator?

13. Have you ever been involved, or do you expect to become involved, in any legal action or dispute with the United States or any agency, officer, or employee of the United States?

14. Do you have any views about the United States Attorney's Office for the Southern District of New York, the FBI, or any other law enforcement agency that would interfere with your ability to be fair and impartial?

15. Do you have any views about criminal defense attorneys that would interfere with your ability to be fair and impartial?

[2] The parties have not yet conferred on a people and places list for the Court and the potential jurors, but expect to do so prior to trial. As soon as the government provides its witness list, which it has not done yet, we expect to be able to provide this.

**E. Experience With and Opinions of Legal Proceedings**

16. Have you, or has any relative or close friend, ever participated in a state or federal court case, whether criminal or civil, as a witness, plaintiff, or defendant? If so, what kind of case and what was your or their role? Is there anything about that experience that could affect your ability to act as a fair and impartial juror in this case?

17. Have you or any relative or close friend ever been involved or appeared as a witness in an investigation by a federal or state grand jury, a congressional or state legislative committee, a licensing authority, or a governmental agency, or been questioned by a law enforcement agency? If so, could that experience affect your ability to be fair and impartial?

18. Have you, or has any relative or close friend, ever been subpoenaed for an inquiry or investigation? If so, could that experience affect your ability to be fair and impartial?

19. Have you, or has any relative or close friend, ever been the subject of an investigation or accusation by a grand jury or any other investigating authority? If so, could that experience affect your ability to be fair and impartial?

20. Have you, or has any relative or close friend, ever been arrested or charged with a crime? If so, please describe the type of crime and the outcome of any law enforcement action. If so, could that experience affect your ability to be fair and impartial? You may answer privately.

21. Have you, or has any relative or close friend, ever been a victim of a crime? If so, please describe the type of crime and the outcome of any law enforcement action. Is there anything about that experience that could affect your ability to be fair and impartial? You may answer privately.

22. Have you ever served as a trial juror or grand juror? If so, was it a criminal or civil matter, and did the jury reach a verdict? Please do not tell me the verdict, but without stating the

verdict, is there anything about that experience that could affect your ability to be fair and impartial here?

23. Have you or someone close to you worked or received specialized training in law, law enforcement, the military, intelligence, finance, securities or commodities trading, compliance, cybersecurity, blockchain analysis or economics? Please describe any experience that may relate to the subjects of this trial.

24. Have you or someone close to you worked for, had dealings with, or had a dispute with any institution identified on the Court-approved list?[3]

25. Do you have strong views about prosecutors, criminal defense attorneys, federal investigators, financial regulators, or military investigators that could affect your evaluation of this case?

26. Would a witness's technical qualifications or use of complex financial or forensic analysis make you more likely to accept the witness's conclusions without examining the supporting evidence?

27. If you have relevant professional knowledge, would you have difficulty deciding the case on the evidence presented here rather than conducting your own investigation or relying on outside information?

**F. Juror's Background**

28. What is your age?

29. In what city or county do you live, and with whom do you live?

30. Where were you born?

[3] On the people and places list, referenced in footnote 2, the parties will include a list of entities and potential institutions to include, such as Polymarket and the CFTC.

31. What is the highest level of education you have completed? If you have a college or postgraduate degree, what was your area of study?

32. Have you served in the military? If so, in what capacity and for how long? Please do not disclose classified information or sensitive operational details.

33. What is your occupation, and what are your specific duties and responsibilities? Who is your employer, where is your workplace, and how long have you worked there? If you are not currently employed, please describe your most recent employment.

34. If you have a spouse or partner, or working children, what are their occupations and employers?

35. Where do you usually get news? Please identify the publications, programs, podcasts, websites, or online commentators you follow most often.

36. What television programs do you regularly watch?

37. What are your hobbies, leisure-time activities, and interests outside work and family?

38. What clubs, groups, professional associations, volunteer activities, or other organizations do you belong to or regularly participate in?

39. Do you use social media? If so, which platforms do you use?

**G. Prior Knowledge and Publicity**

40. Before coming to court, had you read, seen, or heard anything about Gannon Ken Van Dyke or allegations involving a service member's transactions on Polymarket related to Venezuela or Nicolás Maduro? Please indicate if you have, without describing the details in front of the other prospective jurors.

41. Have you formed any impression or opinion about Mr. Van Dyke or whether he committed a crime? If so, please describe that impression or opinion during individual questioning.

42. Have you discussed this case, expressed an opinion about it, or posted, shared, commented on, or reacted to material about it online? If so, what view did you express?

43. Have you read, seen, or heard reports about alleged uses of nonpublic information on Polymarket or other prediction-market platforms? If so, what impressions, if any, did those reports leave with you?

44. Would you have difficulty avoiding coverage of this case and following the Court's instructions concerning outside information?

**H. Political Views**

45. What views, if any, do you have about the President or his administration that could affect your consideration of a case involving a military operation carried out during that administration?

46. Would you associate Mr. Van Dyke's participation in the Venezuela operation with support for President Trump or the administration's policies? If so, how would that association affect your view of him?

47. Do you have any belief that a prosecution connected to the current presidential administration is necessarily justified or necessarily politically motivated? If so, how could that belief affect your evaluation of this case?

**I. The Military's Venezuela Operation**

48. Before today, had you heard anything about the United States military operation in Venezuela to capture its President, Nicolás Maduro? Please be prepared to discuss the details during individual questioning rather than in front of the remaining panel.

49. Have you formed a view about whether the operation was lawful, justified, or morally acceptable? If so, would that view affect how you judge an individual service member who took part?

50. If the Court instructs you that members of the military are required to carry out lawful orders through the chain of command, including those of the President as Commander in Chief, would you have any difficulty accepting that obligation even when you personally disagree with the President or the mission? Would your views cause you to hold a service member's compliance with those orders against him in deciding this case?

51. Would knowing that Mr. Van Dyke participated in the operation cause you to begin this case with a favorable or unfavorable opinion of him? What would that opinion be?

52. Have you expressed, endorsed, or shared views about the operation or the personnel who carried it out, or participated in advocacy concerning military intervention, veterans' issues, or opposition to war, including through discussions, online activity, demonstrations, or petitions? If so, what views did you express, and is there anything about those views or experiences that could affect your evaluation of Mr. Van Dyke or the evidence?

53. Are you able to distinguish your views about the decision to undertake the operation from your assessment of the particular criminal charges against Mr. Van Dyke? What, if anything, would make that difficult?

54. Have you or someone close to you had experiences involving Venezuela, its government, political repression, migration, or the United States operation that could affect your consideration of this case? You may describe any sensitive experience privately.

**J. Military Service**

55. Do you have strongly held views about war, the use of military force, or United States intervention in other countries that could affect your consideration of a case involving a person who participated in a military operation? Please explain.

56. Have you or someone close to you served in the armed forces, worked for a military or intelligence organization, or worked as a defense contractor? Please describe the general nature of the service or work without disclosing classified information.

57. Have you or someone close to you experienced combat, injury, a death, displacement, or other harm related to military action? Is there anything about that experience that could affect your ability to consider the evidence in this case? You may answer privately.

58. Have you or someone close to you had a particularly positive or negative experience with the military, military discipline, or a military investigation? If so, how might that experience affect you here?

59. Do you have any strongly held views about members of the United States military's special forces? If so, would those impressions affect your assessment of Mr. Van Dyke or a witness?

**K. Prediction Markets**

60. Have you or someone close to you used Polymarket or another prediction-market platform, or worked for such a platform? Please describe the nature of that experience.

61. Have you ever held a financial position relating to Venezuela, Nicolás Maduro, the military operation, or the outcome of this case? If so, please describe it during individual questioning.

62. What opinions, if any, do you have about Polymarket or prediction markets generally?

63. Do you have moral, religious, or other objections to gambling or wagering that could affect your view of someone who participates in it?

64. What views, if any, do you have about someone making money on a prediction market tied to a military operation? Would you regard that conduct as necessarily criminal? Please explain.

65. Would you have difficulty distinguishing conduct you consider inappropriate from conduct that satisfies the criminal charges as the Court explains them?

66. Do you have strong views, favorable or unfavorable, about cryptocurrency or people who use those products? If so, what are those views?

67. Have you or someone close to you experienced a significant financial loss, fraud, gambling-related problem, or dispute involving trading, gambling, cryptocurrency, or an online financial platform? Could that experience affect your consideration of this case?

68. Would the amount of an alleged trading profit, standing alone, cause you to assume that a crime occurred? Please explain.

**L. Fundamental Principles**

69. Mr. Van Dyke is presumed innocent, and the government must prove each charged offense beyond a reasonable doubt. The burden never shifts to Mr. Van Dyke. Is there anything about the nature of these allegations that would make those principles difficult for you to apply?

70. An indictment is an accusation, not evidence. Would you nevertheless assume that Mr. Van Dyke probably committed a crime because federal authorities charged him?

71. Mr. Van Dyke has no obligation to testify or present evidence. Would you hold it against him if he did not testify?

72. Would you have difficulty following the law as the Court explains it, even if it differs from what you believe the law should be?

73. Would you have difficulty considering each charge separately and requiring the government to prove that charge, rather than treating the allegations as a single overall judgment about Mr. Van Dyke?

74. If you disapproved of conduct described at trial but the government did not prove a charged offense beyond a reasonable doubt, would you have difficulty returning a not-guilty verdict on that charge?

75. Would concern about the opinions of family, friends, coworkers, an online community, or any organization make it difficult for you to reach your own verdict based on the evidence and the Court's instructions?

76. Is there anything about your experiences, opinions, or reaction to the subjects of this case that we have not discussed and that could affect your consideration of the charges? Is there any answer you would prefer to discuss privately?

Dated: November 9, 2026
New York, NY

Respectfully submitted,

[signature]
_______________________

Teny R. Geragos
Zach Intrater
Jason A. Driscoll
Daniela Manzi
AGNIFILO INTRATER LLP
140 Broadway, Ste. 4530
New York, NY 10005

Mark J. Geragos
Deanna Paul
GERAGOS & GERAGOS, APC
256 Fifth Ave., 3rd Fl.
New York, NY 10001