UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>GANNON KEN VAN DYKE,<br><br>Defendant. | 26 Cr. 156 (MMG) |

**DEFENDANT GANNON KEN VAN DYKE'S**
**PROPOSED REQUESTS TO CHARGE**

AGNIFILO INTRATER LLP
140 Broadway, Ste. 4530
New York, NY 10005

By: Zach Intrater
Teny R. Geragos
Jason A. Driscoll
Daniela Manzi

GERAGOS & GERAGOS, APC
256 Fifth Ave., 3rd Fl.
New York, NY 10001

By: Mark J. Geragos
Deanna Paul

# TABLE OF CONTENTS

Introduction ..... 1

Defense Request No. 1: List of Standard Charges ..... 3

Defense Request No. 2: Summary of the Indictment ..... 5

Defense Request No. 3: Commodities Fraud in Connection with the Purchase or Sale of Swaps 8

I. Summary ..... 8

II. Elements ..... 8

A. First Element – Scheme to Defraud ..... 8

B. Second Element – In Connection With the Purchase or Sale of a "Swap" ..... 12

C. Third Element – Knowingly, Willfully, and With the Specific Intent to Defraud ..... 13

D. Fourth Element – Interstate Commerce ..... 15

E. Unanimity ..... 16

Defense Request No. 4: Unlawful Use of Nonpublic Government Information in Connection with the Purchase or Sale of Swaps ..... 17

III. Summary ..... 17

IV. Elements ..... 17

Defense Request No. 5: Theft of Nonpublic Government Information in Connection with the Purchase or Sale of Swaps ..... 19

I. Summary ..... 19

II. Elements ..... 19

Defense Request No. 6: Wire Fraud ..... 21

I. Summary ..... 21

II. Elements ..... 21

A. First Element – Scheme to Defraud the Military of Property ..... 21

B. Second Element – Knowledge and Intent to Defraud ..... 23

C. Third Element – Use of Interstate Wires ..... 24

Defense Request No. 7: Engaging in a Monetary Transaction in Property Derived From Specified Unlawful Activity ........ 26

I. Summary ........ 26

II. Elements ........ 26

A. First Element – Monetary Transaction in or Affecting Interstate Commerce ........ 26

B. Second Element – Criminally Derived Property of a Value Greater Than $10,000 ........ 27

C. Third Element – Knowledge That Property Was Derived From Specified Unlawful Activity ........ 28

D. Fourth Element – The Defendant Acted Knowingly ........ 28

E. Fifth Element – United States Nexus ........ 28

Defense Request No. 8: Attempt ........ 30

Defense Request No. 9: Venue ........ 31

Defense Request No. 10: Defense Theory of the Case ........ 33

Defense Request No. 11: Compliance and Employment Policies ........ 34

Defense Request No. 12: Crimes Defined by Statute Only ........ 35

Defense Request No. 13: Insider Trading ........ 36

Defense Request No. 14: 7 U.S.C. § 13(a)(5) Instruction ........ 37

## Introduction

Defendant Gannon Ken Van Dyke respectfully submits his requests to charge the jury. For standard instructions, we have included only a list of requested charges. We then propose language for certain case-specific charges on the law. We respectfully reserve the right to supplement or amend these requests based on the government's requests, the evidence at trial, and the Court's proposed charges.[1]

The insider trading instructions regarding Count Three (commodities fraud) are principally based on and adapted from those given in recent commodities and insider trading prosecutions, including: *United States v. Eisenberg*, No. 23 Cr. 00010 (AS) (S.D.N.Y. 2024); *United States v. Phillips*, 22 Cr. 138 (LJL) (S.D.N.Y. 2023); *United States v. Garelick*, No. 23 Cr. 00307 (LJL) (S.D.N.Y. 2024); *United States v. Dagar*, No. 23 Cr. 319 (ALC) (S.D.N.Y. 2024); *United States v. Buyer*, No. 22 Cr. 397 (RMB) (S.D.N.Y. 2023); *United States v. Blakstad*, No. 19 Cr. 486 (ER) (S.D.N.Y. 2021); *United States v. Lavidas*, No. 19 Cr. 716 (DLC) (S.D.N.Y. 2020); *United States v. Pinto-Thomaz*, No. 18 Cr. 579 (JSR) (S.D.N.Y. 2019); *United States v. Stewart*, No. 15 Cr. 287 (JSR) (S.D.N.Y. 2019); *United States v. Blaszczak*, No. 17 Cr. 357 (LAK) (S.D.N.Y. 2018); *United States v. Chow*, No. 17 Cr. 667 (GHW) (S.D.N.Y. 2018); and *United States v. Afriyie*, No. 16 Cr. 377 (PAE) (S.D.N.Y. 2017).[2]

At times, our requests will reiterate the defense position on matters addressed by the Court's opinion denying the motion to dismiss the indictment. We respect the Court's decision,

---

[1] Although we include section headings herein for the Court's and parties' convenience at this stage, we request that any copy of the charge ultimately provided to the jury not include headings containing any substantive content.

[2] Additional citations for certain specific instructions are provided in the footnotes. Defendant will supply the Court with any referenced transcripts and other materials upon request.

of course, and we do not attempt to re-litigate the Court's decision; we seek instead to preserve such issues for any applicable appeal, if necessary.

**Defense Request No. 1: List of Standard Charges**

Defendant requests that the Court give standard instructions on the following topics:

- Role of Court and Role of Jury
- Government as a Party
- Presumption of Innocence and Burden of Proof
- Direct and Circumstantial Evidence
- Number of Witnesses
- Witness Credibility
- Law Enforcement/Government Employee Witnesses
- Defendant's Testimony and/or Defendant's Right Not to Testify
- Character Evidence
- Expert Witnesses
- Uncalled/Missing Witnesses
- Charts and Summaries
- Audio/Video Evidence and Transcripts as Aid
- Redaction of Evidentiary Items
- Stipulations
- Limiting Instructions
- Jury Notes
- Right to See Exhibits and Testimony
- Publicity; No Independent Research or Contact
- Improper Considerations

- Indictment Not Evidence
- Multiple Counts
- Proof Beyond A Reasonable Doubt
- Duty to Deliberate
- Verdict Must Be Unanimous
- Selection of a Foreperson
- Verdict Form | Special Verdict Form
- Communication with the Court

**Defense Request No. 2: Summary of the Indictment**

With these preliminary instructions in mind, let us turn to the specific charges.

The indictment contains a total of five counts. Each count charges a separate crime. Each count must therefore be considered separately by you, and you must return a separate verdict on each count.

Count One charges unlawful use of confidential government information in connection with the purchase or sale of swaps, alleging that: From at least in or about December 2025 up to and including at least in or about January 2026, in the Southern District of New York and elsewhere, GANNON KEN VAN DYKE, by virtue of his employment and position, acquired information that may affect and tend to affect the price of a commodity in interstate commerce, and for future delivery, and a swap, and which information had not been disseminated by the department and agency of the Federal Government holding and creating the information, knowing that he had obtained material nonpublic Government information, willfully and knowingly, used the information in his personal capacity and for personal gain to enter into a swap, in violation of Title 7, United States Code, Section 6c(a)(3).

Count Two charges theft of nonpublic government information in connection with the purchase or sale of swaps, alleging that: From at least in or about December 2025 up to and including at least in or about January 2026, in the Southern District of New York and elsewhere, GANNON KEN VAN DYKE, stole, converted, and misappropriated, information held and created by a department and agency of the Federal Government, which information may affect and tend to affect the price of a commodity in interstate commerce, and for future delivery, and a swap, where VAN DYKE knew that such information had not been disseminated by the department and agency of the Federal Government holding and creating the information, and

used such information to enter into, and offer to enter into a contract of sale of a swap, in violation of Title 7, United States Code, Section 6c(a)(4)(C).

Count Three charges commodities fraud in connection with the purchase or sale of swaps, alleging that: From at least in or about December 2025 up to and including at least in or about January 2026, in the Southern District of New York and elsewhere, GANNON KEN VAN DYKE, willfully and knowingly, used and employed, in connection with the purchase or sale of a swap on and subject to the rules of a registered entity, a manipulative and deceptive device and contrivance, in contravention of Title 17, Code of Federal Regulations, Section 180.1, by: (1) using and employing, and attempting to use and employ, a manipulative device, scheme, and artifice to defraud; (2) making, and attempting to make, an untrue and misleading statement of a material fact and omitting to state a material fact necessary in order to make the statements made not untrue and misleading; and (3) engaging, and attempting to engage in an act, practice, and course of business which operates and would operate as a fraud and deceit upon a person, in violation of Title 7, United States Code, Sections 9(1).

Count Four charges wire fraud, alleging that: From at least in or about December 2025 up to and including at least in or about January 2026, in the Southern District of New York and elsewhere, GANNON KEN VAN DYKE, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Sections 1343.

Count Five charges engaging in a monetary transaction in property derived from Specified Unlawful Activity, alleging that: On or about January 22, 2026, in the Southern District of New York and elsewhere, GANNON KEN VAN DYKE, within the United States, knowingly engaged and attempted to engage in a monetary transaction, as defined in Title 18, United States Code, Section 1957(f)(1), in criminally derived property of a value greater than $10,000 that was derived from the wire fraud offense alleged in Count Four, in violation of Title 18, United States Code, Sections 1957.

I will now instruct you on the elements of each of these counts.

**Defense Request No. 3: Commodities Fraud in Connection with the Purchase or Sale of Swaps**

**(7 U.S.C. § 9(1))[3]**

## I. Summary

I will start with Count Three, which charges commodities fraud in connection with the purchase or sale of swaps.

## II. Elements

In order to prove commodities fraud, the government must prove each of the following four elements beyond a reasonable doubt:

*First*, the defendant knowingly employed a device, scheme, or artifice to defraud, or engaged in an act, practice, or course of business that operated, or would operate, as a fraud or deceit;

*Second*, the device, scheme, or artifice to defraud was in connection with the purchase or sale of a swap;

*Third*, that the defendant acted knowingly, willfully, and with the specific intent to defraud;

*Fourth*, that, in connection with the device, scheme, or artifice to defraud, the defendant knowingly used, or caused to be used, any means or instrumentality of transportation or communication in interstate commerce, or the use of the mails, or of any facility of any commodities exchange.

### A. First Element – Scheme to Defraud

The first element requires the government to prove beyond a reasonable doubt that the defendant used of a "device, scheme or artifice to defraud." A "device, scheme or artifice to

[3] Adapted from *United States v. Eisenberg*, 1:23-cr-00010-AS, ECF 170.

defraud" is a plan to accomplish a fraudulent objective. The specific "device, scheme, or artifice to defraud" that the government alleges the defendant employed is known as "insider trading."

For purposes of these charges, an "insider" is a person who possesses material, nonpublic information by virtue of a relationship that involves a duty of trust and confidence. When an insider possesses such material, nonpublic information and his duty of trust and confidence prohibits him from using that information, the law forbids him from purchasing or selling "swaps" on the basis of that information.

Now let me go into greater detail about what you should consider with regard to whether the government has proven use of a device, scheme, or artifice to defraud, which, again is the first element of Count Three.

1. "Duty of Trust and Confidence"

The government must prove beyond a reasonable doubt that the defendant had a fiduciary or other relationship of trust and confidence with the United States Military and, as a result of that relationship, the defendant was entrusted with confidential information intended to be available only for the entity's purposes and not for the individual's own personal benefit. Absent a duty of trust and confidence, a person is generally free to use for his own benefit any information, as well as information that he receives from other sources or information that is outside the scope of a duty of trust and confidence.

The government alleges the defendant had a duty of trust and confidence to the United States Military by virtue of being an employee.

It is the nature of the relationship which determines whether a person is an insider, and not merely the title he holds. A mere working relationship is not sufficient to satisfy this element. For a person to be an "insider," the nature of the relationship must be one of trust and

confidence. The duties and obligations of an insider may be expressed explicitly in writing or may be inferred from the nature and circumstances of the parties' relationship. However, the alleged insider must have recognized the existence of a relationship of trust and confidence.

Whether a fiduciary or other relationship of trust and confidence existed between the defendant and the United States Military is ultimately a question of fact for you to determine. You must look to all the facts and circumstances and ask two questions: first, whether both the defendant and the United States Military recognized that their relationship involved trust and confidence; and second, whether that information was shared pursuant to that relationship with the understanding that it would not be used in connection with the purchase or sale of "swaps."

2. "Material, Nonpublic" Information

If you find that the defendant had a relationship of trust and confidence with the U.S. Military, you next must consider whether the government has proven beyond a reasonable doubt that the information used in breach of a duty of trust and confidence was material, nonpublic information.

"Material" information is information that would be important to a reasonable investor in deciding whether to buy or sell the contract at issue. Put another way, there must be a substantial likelihood that the information would have been viewed by a reasonable investor as having significantly altered the total mix of information then available. Materiality of the information is judged as of the time the information is used.

Information is not material if it is minor, vague or lacking in specificity, fairly obvious to market participants, or substantially the same as information previously announced publicly.

Information which is speculative in nature is not material, even if it comes from an insider, if it is substantially the same as other speculative information already in the market.

Information is "nonpublic" if, at the time it is used, it is not available to the public through such sources as press releases, meetings between the entity and interested stakeholders, trade publications, industry conferences, analysts' reports, newspapers, websites, television, radio, websites, online media, rumors, word of mouth, or other similar sources. If information is available from these sources, it is public.[4]

However, the fact that information has not appeared in the newspaper or other widely available public medium does not alone determine whether the information is nonpublic. Information is not necessarily nonpublic simply because there had been no formal announcement or because only a few people have been made aware of it. Sometimes an entity authorizes the release of information or is otherwise willing to make information available to analysts, prospective investors, or members of the press who ask for it, even though it may never have appeared in any newspaper or other publication. Such information would still be public. In assessing whether information is nonpublic, the key question is whether the information was available to members of the public.[5]

---

[4] *Basic Inc. v. Levinson*, 485 U.S. 224, 238 (1988) (The role of the materiality requirement is not to "attribute to investors a child -like simplicity, an inability to grasp the probabilistic significance of negotiations," but to filter out essentially unless information that a reasonable investor would not consider significant, even as part of a larger "mix" of factors to consider in making his investment decision (internal citations omitted); *Elkind v. Liggett & Myers, Inc.*, 635 F.2d 156, 166 (2d Cir. 1980), *superseded by statute on other grounds* (noting that information is not material if it "was already common knowledge" among analysts, and the "confirmation of these facts, which were fairly obvious to all who followed the stock cannot be deemed reasonably certain to have a substantial effect on the market price of the security.") (internal quotations omitted)).

[5] Adapted from 3 L. Sand, *et al.*, Modern Fed. Jury Inst. – Crim., Inst. 57- 23, cmt. ("it is possible for information to be public even if there has been no public announcement and only a small number of people are aware of it, if the information is fully reflected in the price of the sto ck."); *United States v. Steinberg*, S4 12 Cr. 121 (RJS) (Nov. 6, 2013), Joint Prop. Jury Charge, at 21-23; *United States v. Rajaratnam*, 09 CR 1184 (RJH) (Apr. 25, 2011), Trial Tr. Jury Charge, at 5613, 5621-22. *See also Dirks v. SEC*, 463 U.S. 646, 658 (1983) ("It is commonplace for

A person trades "on the basis of" material nonpublic information if the information is a factor in his decision to buy or sell a swap and the person used the information in formulating or consummating the purchase or sale.

**B. Second Element – In Connection with the Purchase or Sale of a "Swap"**

The second element the government must prove beyond a reasonable doubt is that the defendant's scheme to defraud was in connection with the purchase or sale of a swap covered by the commodities laws.

Here, the government alleges that the Polymarket contracts at issue are "swaps" within the meaning of the commodities law. You must determine, for each of the four contracts at issue, whether the government proved beyond a reasonable doubt that the contract is a "swap." If you find that the government did not prove beyond a reasonable doubt that the contract is a "swap," you cannot find the defendant guilty of commodities fraud in connection with the contract you are considering.

The term "swap" means an agreement, contract, or transaction that provides for any purchase, sale, payment, or delivery that is dependent on the occurrence, nonoccurrence, or the extent of the occurrence of an event or contingency associated with a potential financial, economic, or commercial consequence.[6]

"[A]ssociated with" means that the event or contingency referenced in the contract must itself be inherently or necessarily connected to a financial, economic, or commercial

---

analysts to ferret out and analyze information … and this often is done by meeting with and questioning corporate officers and others who are insiders.") (internal citations and quotations omitted); *United States v. Contorinis*, 692 F.3d 136, 143 (2d Cir. 2012) ("[I]nformation is also deemed public if it is known by only a few securities analysts or professional investors. This is so because their trading will set a share price incorporating this information.").

[6] 7 USC § 1a(47)(A)(ii).

consequence.[7] It is not enough that the event or contingency has some potential downstream financial, economic, or commercial consequence, because attenuated or downstream consequences are not enough. Consequences that follow remotely from an event are not truly "associated with" that event.[8] The connection between the event and a financial, economic, or commercial consequence must be such that it would be commonly understood that the contract could be used to transfer financial risk or derive pricing information that could promote market stability.[9]

Swaps do not include consumer transactions, gambling contracts, or basic wagers. If you find that a contract was limited to the mere wagering of money on an outcome that has no inherent economic consequence itself other than the money wagered, it is not a swap.[10]

### C. Third Element – Knowingly, Willfully, and With the Specific Intent to Defraud

The third element of commodities fraud relates to the defendant's state of mind. If you find that the government has met its burden of proving that the defendant engaged in a device, scheme, or artifice to defraud in connection with the purchase or sale of a swap, you must then consider whether the government proved beyond a reasonable doubt that the defendant participated in the device, scheme, or artifice to defraud knowingly, willfully, and with intent to defraud.

To act "knowingly" means to act voluntarily and deliberately, rather than by mistake, accident, ignorance, or carelessness. The defendant must have known he was in possession of

---

[7] *KalshiEX, LLC v. Assad*, 190 F.4th 1098, 1115 (9th Cir. 2026); *KalshiEX LLC v. Schuler*, No. 26-3196, 2026 WL 2884087, at *11 (6th Cir. Sept. 25, 2026).
[8] *Schuler*, 2026 WL 2884087, at *11; *Chevron USA Inc. v. Plaquemines Par.*, 146 S. Ct. 1052, 1061 (2026) (such terms "require[] a connection that is not 'tenuous, remote, or peripheral.'").
[9] *Schuler*, 2026 WL 2884087, at *12.
[10] *Kalshiex LLC v. Bird*, No. 4:26 Civ. 109 (SHL) (HCA), 2026 WL 2691009, at *10 (S.D. Iowa Sept. 8, 2026).

information that was material, nonpublic, and subject to a duty of trust and confidence. The defendant must also have known he was using the information to purchase or sell a "swap."

To act "willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose to disobey or to disregard the law. A defendant's conduct is not "willful" if it was due to negligence, inadvertence, or mistake, or was the result of a good faith misunderstanding of the requirements of the law.[11]

"Intent to defraud" means to act knowingly and with the intent to deceive. To find that the defendant acted with a specific intent to defraud you must find that he knew of the fraudulent nature of the scheme and acted with the intent that it succeed. Intent to defraud in the context of insider trading means to act with the intent to deceive the United States Military by using confidential information obtained from it without its knowledge or approval.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of the defendant is a complete defense to a charge of commodities fraud. That is, the law is not violated if the defendant honestly believed that his actions were lawful and not in furtherance of any unlawful scheme, even if he was mistaken in that belief. A person who acts on a belief honestly held that turns out to be wrong lacks an intent to defraud. However

[11] 1 Leonard B. Sand et al., Modern Federal Jury Instructions-Criminal, Instr. 3A-3; *United States v. Kukushkin*, 61 F.4th 327, 332 (2d Cir. 2023) ("'[W]hen used in the criminal context, a willful act is one undertaken with a bad purpose. In other words, in order to establish a willful violation of a statute, the Government must prove that the defendant acted with knowledge that his conduct was unlawful.'" (internal citation omitted)); *Bryan v. United States*, 524 U.S. 184, 191-92 (1998) ("[T]o establish a 'willful' violation of a statute, 'the Government must prove that the defendant acted with knowledge that his conduct was unlawful.'") (quoting *Ratzlaf v. United States*, 510 U.S. 135, 137 (1994)); *United States v. Kosinski*, 976 F.3d 135, 154 (2d Cir. 2020); *United States ex rel. Hart v. McKesson Corp.*, 96 F.4th 145, 154 (2d Cir. 2024); *United States v. Phillips*, 22 Cr. 138 (LJL) (S.D.N.Y. 2023), Tr.1353; *United States v. Eisenberg*, No. 23 Cr. 10 (AS) (S.D.N.Y. 2024), Tr.1468.

misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. If the defendant honestly believed in good faith that information was public, was not required to be kept confidential, was not material, or that it was not being used to buy or sell "swaps," or that any purchase or sale of "swaps" was lawful, such good faith is a complete defense to commodities fraud.[12]

I must emphasize, however, that the defendant has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and a consequent lack of good faith beyond a reasonable doubt.

**D. Fourth Element – Interstate Commerce**

The fourth and final element the government must prove beyond a reasonable doubt is that in connection with the device, scheme, or artifice to defraud, the defendant knowingly used, or caused to be used, any means or instrumentality of transportation or communication in interstate commerce, or the use of the mails, or of any facility of any commodities exchange.

"Instrumentalities of interstate commerce" means instruments, devices, and means of conducting trade, commerce, transportation, or communication among any two states.

It is not necessary that a defendant be directly or personally involved in any mailing or use of an instrumentality of interstate commerce. If the defendant was an active participant in the scheme and took steps or engaged in conduct that he knew or could reasonably foresee would naturally and probably result in the use of the mails, then you may find that he caused the mails or instrumentality of interstate commerce to be used.

[12] *United States v. Milton*, No. 21 Cr. 478 (ER) (S.D.N.Y. 2022), Tr.3209, 3219; *United States v. Shkreli*, 15-CR-637 (KAM) (E.D.N.Y. 2017), ECF 295 at 79; *United States v. Ferguson*, 676 F.3d 260, 280 (2d Cir. 2011) (discussing good faith and noting that "[h]owever misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith.").

The use of the mails or of an instrumentality of interstate commerce need not be central to the execution of the scheme, and may even be incidental to it. All that is required is that it bear some relation to the object of the scheme or fraudulent conduct.

**E. Unanimity**

The government has argued that Mr. Van Dyke committed commodities fraud on multiple separate occasions with respect to multiple different Polymarket contracts. In order to convict Mr. Van Dyke, you must be unanimous that the government proved beyond a reasonable doubt all the elements of commodities fraud with respect to the particular occasion and contract you are considering. It is not enough that some elements are satisfied with respect to some occasions or contracts, and other elements satisfied with respect to other occasions or contracts. If you do not unanimously agree that the government proved the elements beyond a reasonable doubt with respect to an occasion specifically, the government has not met its burden and you must return a verdict of not guilty.

* * *

In sum, if you find the government proved, beyond a reasonable doubt, each of the elements of commodities fraud, then you should find Mr. Van Dyke guilty of Count Three. On the other hand, if you find that the government has not proved, beyond a reasonable doubt, any one of those essential elements, then you must find Mr. Van Dyke not guilty of Count Three.

**<u>Defense Request No. 4: Unlawful Use of Nonpublic Government Information in Connection with the Purchase or Sale of Swaps</u>**

**(7 U.S.C. § 6c(a)(3))**

## III. Summary

I will now explain Count One, which charges unlawful use of confidential government information in connection with the purchase or sale of swaps.

## IV. Elements

To prove unlawful use of confidential government information in connection with the purchase or sale of swaps, the government must prove each of the following four elements beyond a reasonable doubt:

*First*, that the defendant was an employee or agent of any department or agency of the Federal Government;

*Second*, that, by virtue of that employment, the defendant acquired material, nonpublic information;

*Third*, that the defendant used the information in his personal capacity and for personal gain to enter into a swap; and

*Fourth*, that the defendant acted knowingly and willfully.

In considering whether the government has proved each element beyond a reasonable doubt, you should apply the definitions of "swap," "material, nonpublic information," "knowingly," and "willfully" that I provided previously in explaining Count Three.

The government has argued that the defendant committed commodities fraud on multiple separate occasions with respect to multiple different Polymarket contracts. To convict the defendant, you must all find, unanimously, that the government proved beyond a reasonable doubt all the elements of commodities fraud with respect to the particular occasion and contract

you are considering. It is not enough that some elements are satisfied with respect to some occasions or contracts, and other elements satisfied with respect to other occasions or contracts. If you do not unanimously agree that the government proved the elements beyond a reasonable doubt with respect to an occasion specifically, the government has not met its burden and you must return a verdict of not guilty.

* * *

In sum, if you find the government proved, beyond a reasonable doubt, each of the elements of unlawful use of nonpublic government information in connection with the purchase or sale of swaps, then you should find Mr. Van Dyke guilty of Count One. On the other hand, if you find that the government has not proved, beyond a reasonable doubt, any one of those essential elements, then you must find Mr. Van Dyke not guilty of Count One.

**<u>Defense Request No. 5: Theft of Nonpublic Government Information in Connection with the Purchase or Sale of Swaps</u>**

**(7 U.S.C. § 6c(a)(4)(C))**

**I. Summary**

I will now explain Count Two, which charges theft of nonpublic government information in connection with the purchase or sale of swaps.

**II. Elements**

To prove theft of nonpublic government information in connection with the purchase or sale of swaps, the government must prove each of the following four elements beyond a reasonable doubt:

*First*, that the defendant stole, converted, or misappropriated information held or created by any department or agency of the Federal Government;

*Second*, that the information was material and nonpublic;

*Third*, that the defendant used such information to enter into a swap;

*Fourth*, that the defendant acted knowingly and willfully.

To prove the first element—whether the defendant stole, converted, or misappropriated information—the government must prove beyond a reasonable doubt that the defendant used information obtained from the United States Military in violation of a duty of trust and confidence, as I have defined those terms previously in explaining Count Three.

When considering whether the government has proved each element beyond a reasonable doubt, you should apply the definitions of "swap," "material, nonpublic information," "knowingly," and "willfully" that I provided previously in explaining Count Three.

The government has argued that the defendant committed commodities fraud on multiple separate occasions with respect to multiple different Polymarket contracts. In order to convict

the defendant, you must be unanimous that the government proved beyond a reasonable doubt all the elements of commodities fraud with respect to the particular occasion and contract you are considering. It is not enough that some elements are satisfied with respect to some occasions or contracts, and other elements satisfied with respect to other occasions or contracts. If you do not unanimously agree that the government proved the elements beyond a reasonable doubt with respect to an occasion specifically, the government has not met its burden and you must return a verdict of not guilty.

* * *

In sum, if you find the government proved, beyond a reasonable doubt, each of the elements of theft of nonpublic government information in connection with the purchase or sale of swaps, then you should find the defendant guilty of Count Two. On the other hand, if you find that the government has not proved, beyond a reasonable doubt, any one of those essential elements, then you must find the defendant not guilty of Count Two.

**Defense Request No. 6: Wire Fraud**

**(18 U.S.C. § 1343)[13]**

## I. Summary

I will now explain Count Four, which charges the defendant with wire fraud.

## II. Elements

In order to prove wire fraud, the government must prove each of the following three elements beyond a reasonable doubt:

*First*, that there was a scheme or artifice to defraud the Unites States Military of its property by materially false and fraudulent pretenses, representations, or promises;

*Second*, that the defendant knowingly, willfully, and with the intent to defraud, devised or participated in the scheme or artifice to defraud; and

*Third*, that an interstate or international wire communication was used in furtherance of the scheme or artifice.

### A. First Element – Scheme to Defraud the Military of Property

The first element that the government must prove beyond a reasonable doubt for the purpose of Count Four is that there was a scheme or artifice to defraud the United States Military of its property by means of false or fraudulent pretenses, representations, or promises. Note that Count Four charges the defendant with defrauding the United States Military; he is not charged with defrauding any parties other than the United States Military, such as Polymarket or other Polymarket users.

A "scheme or artifice" is merely a plan to accomplish an object. A "scheme or artifice to defraud" is any plan, device, or course of action to obtain property by means of false or

[13] Adapted from 3 Leonard B. Sand et al., Modern Federal Jury Instructions-Criminal ¶44.01; *United States v. Chastain*, 1:22-cr-00305-JMF, ECF 122 at 51.

fraudulent pretenses, representations, or promises. A pretense, representation, or promise is false if it is untrue when made and was then known to be untrue by the person making it. A pretense, representation, or promise is fraudulent if it was falsely made with the intent to deceive.

As is pertinent here, the alleged "scheme to defraud" is fraudulently embezzling or fraudulently misappropriating property belonging to the United States Military. The word "misappropriate" refers to the fraudulent appropriation of property by a person to whom such property has been entrusted. A person commits "misappropriation" when he fraudulently converts to his own use property belonging to another in violation of a fiduciary duty. What makes misappropriation fraudulent is a fiduciary's undisclosed misappropriation in violation of a fiduciary duty.[14]

The scheme or artifice to defraud must relate to a material fact or matter. A material fact is one that reasonably would be considered important to a reasonable and prudent person in relying upon the pretense, representation, or promise in making a decision.

In addition to the above, the government must prove that the alleged scheme contemplated wrongly depriving the victim of property. The government has alleged the purported victim in this case to be the United States Military. Thus, in evaluating the evidence as to Count Four, you must consider only whether the defendant intended to wrongly deprive the United States Military of its property.

The government has alleged that the defendant schemed to obtain the United States Military's property in the form of its information. An entity's confidential business information can be a type of property. To qualify as property, the information must be acquired or created by

---

[14] *O'Hagan*, 521 U.S. at 654; *id*. at 656 ("the fiduciary's fraud is consummated…when, without disclosure…he uses the information").

the entity for a commercial purpose, and the entity must have both considered and treated the information in a way that maintained the entity's exclusive right to that information.[15] To qualify as property under the wire fraud statute, the information must also have commercial value to the victim.[16] If the information lacks commercial value to the victim, it cannot be considered property.[17]

**B. Second Element – Knowledge and Intent to Defraud**

The second element that the government must prove beyond a reasonable doubt for purposes of Count Four is that the defendant devised or participated in the fraudulent scheme knowingly, willfully, and with the specific intent to defraud. It is not enough for you to find that the defendant violated one or more of his professional duties or an employment policy; an employee can violate his professional duties or an employment policy without having an intent to defraud.

To "devise" a scheme to defraud is to concoct or plan it.

To "participate" in a scheme to defraud means to associate oneself with it, with the intent to make it succeed.

I have already defined "knowingly" in connection with Count Three, and you should apply that definition here. In this context, the defendant must have known that the at-issue information was property.

---

[15] *United States v. Mahaffy*, 693 F.3d 113, 135 n.14 (2d Cir. 2012).

[16] *United States v. Chastain*, 145 F.4th 282, 291-92 (2d Cir. 2025); *id.* at 295 (information much have "commercial value to its holder" to qualify as property).

[17] *Chastain*, 145 F.4th at 293 ("Because 'the wire fraud statute reaches only traditional property interests,' we must decide whether confidential business information qualifies as a traditional property interest even if it lacks commercial value to the business. *Ciminelli*, 598 U.S. at 316, 143 S.Ct. 1121; *see also Cleveland*, 531 U.S. at 24, 121 S.Ct. 365. We conclude that it does not.").

I have also already defined "willfully" in connection with Count Three, and you should apply that definition here.

"Intent to defraud" for purposes of wire fraud means to act knowingly and with the specific intent to deceive, for the purpose of causing some property loss to another. Thus, a defendant acts with intent to defraud in the context of wire fraud if he engaged or participated in the fraudulent scheme with awareness of its fraudulent or deceptive character, with an intention to be involved in the scheme to defraud and to help it succeed, and with a purpose of obtaining the victim's property.

Since an essential element of wire fraud is intent to defraud, it follows that good faith on the part of the defendant is a complete defense to a charge of wire fraud. That is, the law is not violated if the defendant honestly believed that his actions were lawful and not in furtherance of any unlawful scheme, even if he was mistaken in that belief. A person who acts on a belief honestly held that turns out to be wrong lacks an intent to defraud. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. If the defendant honestly believed in good faith that information was not property or confidential, or that the use of the information was not unlawful, such good faith is a complete defense to wire fraud.

I must emphasize, however, that the defendant has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and a consequent lack of good faith beyond a reasonable doubt.

**C. Third Element – Use of Interstate Wires**

The third and final element that the government must establish beyond a reasonable doubt is the use of an interstate or international wire communication in furtherance of the scheme to defraud. The wire communication must pass between two or more states. The use of the

wires need not itself be a fraudulent representation. It must, however, further or assist in the carrying out of the scheme to defraud.

It is not necessary for the defendant to be directly or personally involved in the wire communication, as long as the communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating.

* * *

In sum, if you find the government proved, beyond a reasonable doubt, each of the elements of wire fraud, then you should find the defendant guilty of Count Four. On the other hand, if you find that the government has not proved, beyond a reasonable doubt, any one of those essential elements, then you must find the defendant not guilty of Count Four.

## Defense Request No. 7: Engaging in a Monetary Transaction in Property Derived From Specified Unlawful Activity

## (18 U.S.C. § 1957)[18]

### I. Summary

I will now explain Count Five, which charges the defendant with engaging in a monetary transaction in property derived from Specified Unlawful Activity, here the wire fraud offense charged in Count Four.

### II. Elements

In order to prove the crime of engaging in a monetary transaction in property derived from specified unlawful activity, the government must prove each of the following five elements beyond a reasonable doubt:

*First*, that the defendant engaged in a monetary transaction in or affecting interstate commerce;

*Second*, that the monetary transaction involved criminally derived property of a value greater than $10,000;

*Third*, that the property was derived from specified unlawful activity.

*Fourth*, that the defendant acted knowingly that is, with knowledge that the transaction involved proceeds of a criminal offense.

*Fifth*, that the transaction took place in the United States (or the defendant is a United States person, as I will define that term for you).

#### A. First Element – Monetary Transaction in or Affecting Interstate Commerce

The first element that the government must prove beyond a reasonable doubt is that the defendant engaged in a monetary transaction in or affecting interstate commerce.

[18] Adapted from 3 Leonard B. Sand et al., Modern Federal Jury Instructions-Criminal ¶50A.06.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument by, through, or to a financial institution.

The term "interstate or foreign commerce" means commerce between any combination of states, territories or possessions of the United States, or between the United States and a foreign country.

You must find that the transaction affected interstate commerce in some way, however minimal.

### B. Second Element – Criminally Derived Property of a Value Greater Than $10,000

The second element that the government must prove beyond a reasonable doubt is that the monetary transaction involved criminally derived property having a value in excess of $10,000.

The term "criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense. The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

In this case, the government has alleged that the property in question was money obtained from the alleged wire fraud offense charged in Count Four. You must therefore determine beyond a reasonable doubt whether that offense occurred and whether the funds at issue were the proceeds of such an offense, if it occurred. I have already instructed you regarding the elements of wire fraud, and you should refer to those instructions here.

### C. Third Element – Knowledge That Property Was Derived From Specified Unlawful Activity

The third element that the government must prove beyond a reasonable doubt is that the defendant knew that the property involved in the financial transaction was the proceeds of unlawful activity.

The defendant must know that the property—here the money—involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a criminal offense under state or federal law.

### D. Fourth Element – The Defendant Acted Knowingly

The fourth element that the government must prove beyond a reasonable doubt is that the defendant knowingly engaged in an unlawful monetary transaction, as defined above.

I instruct you that in a prosecution for an offense under this section, the government is not required to prove that the defendant knew the particular offense from which the criminally derived property was derived. However, the government must prove beyond a reasonable doubt that the defendant knew that the transaction involved criminally derived property, which, I remind you, means any property constituting, or derived from, proceeds obtained from a criminal offense.

### E. Fifth Element – United States Nexus

The fifth element that the government must prove beyond a reasonable doubt is that the transaction took place in the United States, or that the defendant is a United States person.

A "United States person" is a citizen or national of the United States or an alien lawfully admitted to permanently reside in the United States.

* * *

In sum, if you find the government proved, beyond a reasonable doubt, each of the elements of engaging in a monetary transaction in property derived from Specified Unlawful Activity, then you should find the defendant guilty of Count Five. On the other hand, if you find that the government has not proved, beyond a reasonable doubt, any one of those essential elements, then you must find the defendant not guilty of Count Five.

**Defense Request No. 8: Attempt[19; 20]**

All counts of the indictment charge a separate theory of criminal liability known as attempt. In order to prove that the defendant attempted to commit one of these crimes, the government must prove beyond a reasonable doubt each of the following two elements:

*First*, that the defendant intended to commit the crime; and

*Second*, that the defendant did some act that was a substantial step in an effort to bring about or accomplish the crime.

Mere intention to commit a specific crime does not amount to an attempt. In order to convict the defendant of an attempt, you must find beyond a reasonable doubt that the defendant intended to commit the crime charged, and that he took some action which was a substantial step toward the commission of that crime.

In determining whether the defendant's actions amounted to a substantial step toward the commission of the crime, it is necessary to distinguish between mere preparation on the one hand, and the actual doing of the criminal deed on the other. Mere preparation, which may consist of planning the offense, or of devising, obtaining or arranging a means for its commission, is not an attempt, although some preparations may amount to an attempt. The acts of a person who intends to commit a crime will constitute an attempt when the acts themselves clearly indicate an intent to commit the crime, and the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.

---

[19] We respectfully submit that an 18 U.S.C. 2 instruction is inappropriate in this case because there will be no factual basis for such an instruction at trial and the government does not appear to be proceeding on such a theory. Accordingly, we object to any such instruction but propose the following language should the Court decide an attempt instruction should be given.

[20] 1 Leonard B. Sand et al., Modern Federal Jury Instructions-Criminal P 10.01.

**<u>Defense Request No. 9: Venue</u>**

With respect to each of the counts you are considering, the government, in addition to proving the essential elements of that charge, must also prove that at least one act in furtherance of each charge occurred in the Southern District of New York. This is called establishing venue.

The Southern District of New York includes Manhattan and the Bronx, as well as Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan Counties.

To satisfy the venue requirement, the government must prove that some act constituting the essential conduct of the charged offense occurred in this District.[21] Venue is proper in a district where (1) the defendant intentionally or knowingly causes such an act in furtherance of the charged offense to occur in the district of venue, or (2) it is foreseeable that such an act would occur in the district.

The act itself need not be a criminal act. And the act need not have been taken by the defendant, so long as the act was part of the crime that you find the defendant committed. Purely ministerial functions and preparatory acts occurring in the district, however, are insufficient. The government must prove that the criminal conduct bore substantial contacts with the Southern District of New York.[22]

Unlike the elements of the offenses which must be proven beyond a reasonable doubt, the government is required to prove venue only by a preponderance of the evidence. A preponderance of the evidence means that it is more probable than not that some act in furtherance of the crime you are considering occurred in this District.

Because venue must be proper for each count, if you find that the government has failed

---

[21] *United States v. Ramirez*, 420 F.3d 134, 139 (2d Cir. 2005); *United States v. Royer*, 549 F.3d 886, 896 (2d Cir. 2008; *United States v. Calonge*, 74 F.4th 31, 35 (2d Cir. 2023).
[22] *United States v. Kirk Tang Yuk*, 885 F.3d 57, 70 (2d Cir. 2018).

to prove this venue requirement by a preponderance of the evidence with respect to any of the counts charged in the Indictment, then you must acquit the defendant of that count.

**Defense Request No. 10: Defense Theory of the Case**

[Defendant respectfully requests that the jury be charged with Defendant's defense theory of the case, to be supplied following the close of trial, prior to the charge conference]

**Defense Request No. 11: Compliance and Employment Policies**

Evidence has been introduced in this case regarding internal compliance and employment policies. These policies are not a substitute for the law. Employers adopt such policies for any number of reasons, and they impose different requirements on their employees than the law imposes. My instructions on the law apply to this case and not anything in the policies. The existence or non-existence of such policies and practices may be relevant to the defendant's state of mind. But the defendant is not charged with violating such policies. Even if you were to find that the defendant violated a compliance policy, that does not necessarily mean that there was a violation of a law.

**Defense Request No. 12: Crimes Defined by Statute Only**

The fact that you may think certain conduct is unethical or morally wrong is truly of no consequence in this case. Statutes enacted by Congress define our crimes, and I will talk to you about the relevant statutes here and how they break down into essential elements so that you can consider the elements that the government must prove beyond a reasonable doubt. Conduct is only a crime if it is defined as such by a statute. A feeling that something wrong has been done is insufficient to convict anyone of any charge whatsoever. Remember, not every instance of unfairness constitutes a crime. Instead, you are required to break the counts charged here down to their elements, determine if the government has or has not met its burden of proving the guilt of the defendant beyond a reasonable doubt as to each one of those elements, and then, with that determination made, you can render a verdict as to each count.[23]

[23] Adapted from charges given in *United States v. Zemlyansky*, 12-cr-171 (JPO) (S.D.N.Y. Nov. 13, 2013), ECF No. 931, at 128-29; *see also United States v. Seitz*, 12-cr-921 (SHS) (S.D.N.Y. Mar. 11, 2014), ECF No. 95, at 103; *see also United States v. Weimert*, 819 F.3d 351, 357 (7th Cir. 2016) ("Not all conduct that strikes a court as sharp dealing or unethical conduct is a scheme or artifice to defraud.") (internal quotation marks omitted).

**<u>Defense Request No. 13: Insider Trading</u>**

You have heard the government use the term "insider trading" at this trial. You may have heard that term before. The defense disputes that the alleged conduct was "insider trading." Whatever understanding you may have about "insider trading," you should only follow my instructions concerning the crimes charged in this case.

**<u>Defense Request No. 14: 7 U.S.C. § 13(a)(5) Instruction</u>**

[Defendant respectfully reserves the right to request charging language regarding 7 U.S.C. § 13(a)(5)][24]

Dated: November 9, 2026
New York, NY

Respectfully submitted,

Zach Intrater
Teny R. Geragos
Jason A. Driscoll
Daniela Manzi
AGNIFILO INTRATER LLP
140 Broadway, Ste. 4530
New York, NY 10005

Mark J. Geragos
Deanna Paul
GERAGOS & GERAGOS, APC
256 Fifth Ave., 3rd Fl.
New York, NY 10001

---

[24] Counts 1–3 invoke 7 U.S.C. § 13(a)(5), which provides that "no person shall be subject to imprisonment under this paragraph for the violation of any rule or regulation if such person proves that he had no knowledge of such rule or regulation." Because the provision makes knowledge of the rule a precondition to any term of imprisonment for a rule-based violation, that fact, if not admitted, must be submitted to the jury and proved beyond a reasonable doubt. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *United States v. Booker*, 543 U.S. 220, 244 (2005); *Erlinger v. United States*, 602 U.S. 821 (2024); *cf. Ruan v. United States*, 597 U.S. 450 (2022). *United States v. O'Hagan*, 521 U.S. 642, 677 n.23 (1997), predates *Apprendi* and did not address the Sixth Amendment. Moreover, Van Dyke does not concede that the burden on this issue may constitutionally be placed on him. Van Dyke respectfully requests the opportunity to brief the meaning and application of § 13(a)(5), and, depending on the Court's rulings on the motions *in limine* and requests to charge, reserves the right to request (i) charging language on § 13(a)(5); (ii) a special verdict distinguishing statutory from rule-based theories on Counts 1–3; and (iii) relief under § 13(a)(5) at sentencing.