UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>GANNON KEN VAN DYKE,<br><br>*Defendant.* | 26 Cr. 156 (MMG) |

**THE GOVERNMENT'S REQUESTS TO CHARGE**

SEAN S. BUCKLEY
Deputy United States Attorney
Attorney for the United States,
Acting Under Authority Conferred
by 28 U.S.C. § 515

Nicholas W. Chiuchiolo
Ryan B. Finkel
Juliana N. Murray

Assistant United States Attorneys

- *Of Counsel*

REQUEST NO. 1: General Requests

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a. Function of Court and Jury.

b. Indictment Not Evidence.

c. Statements of Court and Counsel Not Evidence.

d. Rulings on Evidence and Objections.

e. Burden of Proof and Presumption of Innocence.

f. Reasonable Doubt.

g. Government Treated Like Any Other Party.

h. Definitions, Explanations, and Example of Direct and Circumstantial Evidence.

i. Inferences.

j. Credibility of Witnesses.

k. Jury's Recollection Controls.

l. Right To See Exhibits and Have Testimony Read During Deliberations.

m. Sympathy: Oath of Jurors.

n. Punishment Is Not To Be Considered by the Jury.

o. Verdict of Guilt or Innocence Must Be Unanimous.

REQUEST NO. 2: Summary of the Indictment

The defendant, Gannon Ken Van Dyke, has been charged in what is called an Indictment. An Indictment is simply an accusation by a grand jury. It is not evidence. The Indictment contains five counts, or charges. In a few moments, I will instruct you on each of these charges in more detail. At the outset, however, let me instruct you that in your deliberations and in reaching your verdict, you must consider each count separately. You must return a separate verdict as to each count and as to each defendant.

The charges in the Indictment relate to allegations that Van Dyke misused non-public information belonging to the U.S. government to benefit himself by executing certain trades on Polymarket.

Count One of the Indictment charges the defendant with unlawful use of confidential government information for personal gain, in violation of Section 6c(a)(3) of Title 7 of the United States Code. Count Two charges the defendant with misappropriating non-public government information for personal gain, in violation of Section 6c(a)(4)(C) of Title 7 of the United States Code.

Counts Three and Four charge the defendant with fraud through insider trading by misappropriating non-public information belonging to his employer, the U.S. Government. Count Three charges the defendant with commodities fraud in the form of insider trading, in violation of Section 9(1) of Title 7 of the United States Code, and Section 180.1 of Title 17 of the Code of Federal Regulations. Count Four charges wire fraud in the form of insider trading, in violation of Section 1343 of Title 18 of the United States Code.

Count Five charges the defendant with engaging in a monetary transaction in property derived from wire fraud, in violation of Section 1957 of Title 18 of the United States Code.

REQUEST NO. 3: Multiple Counts

Each count charges a different crime. You must consider each count of the Indictment separately, and you must return a separate verdict as to each Count. Your verdict on each count stands or falls upon the proof or lack of proof with respect to that count. Your verdict on one count should not control your decision as to any other count. I am now going to discuss the counts of the Indictment.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 3-8.

<u>REQUEST NO. 4:</u> <u>Count Three – Commodities Fraud – Elements of the Offense</u>

I am going to begin by explaining Count Three, which charges the defendant with commodities fraud. Then, I will explain Counts One and Two, which include some of the same definitions and terms that pertain to Count Three. To sustain its burden of proof with respect to the offense of commodities fraud by means of insider trading, the Government must prove each of the following three elements beyond a reasonable doubt:

First, that the defendant employed a deceptive device, scheme, or artifice to defraud—specifically insider trading—by misappropriating material nonpublic information that he possessed pursuant to a duty of trust and confidence and using that information to trade in a swap.

Second, that the defendant acted knowingly, willfully, and with intent to defraud.

Third, that the defendant's insider trading was in connection with a swap.

I will discuss each of those elements in turn.

> Adapted from 7 U.S.C. §§ 9(1) and 13(a)(5), 17 C.F.R. § 180.1(a)(1), and the statement of the elements in *CFTC v. EOX Holdings L.L.C.*, No. 19 Civ. 2901, 2021 WL 4482145, at *19-22 (S.D. Tex. Sept. 30, 2021). Rule 180.1 was modeled on SEC Rule 10b-5, 17 C.F.R. § 240.10b-5, with the intention that "the substantial body of judicial precedent applying Rule 10b-5" would guide courts construing the Rule. *Prohibition on the Employment, or Attempted Employment, of Manipulative and Deceptive Devices and Prohibition on Price Manipulation*, 76 Fed. Reg. 41,398, 41,399 (CFTC July 14, 2011); *see also United States v. Clark*, No. 24-20271, 2025 WL 801358, at *3 (5th Cir. Mar. 13, 2025). Accordingly, the elements are adapted from the Second Circuit's statement of the elements of insider trading in *United States v. Newman*, 773 F.3d 438, 450 (2d Cir. 2014), *abrogated on other grounds, Salman v. United States*, 580 U.S. 39, 42 (2016), as well as the jury charges of the Honorable P. Kevin Castel in *United States v. Goel*, No. 22 Cr. 396 (June 12, 2023), the Honorable Denise L. Cote in *United States v. Lavidas*, No. 19 Cr. 716 (Jan. 6, 2020), and the Honorable Jed S. Rakoff in *United States v. Pinto-Thomaz*, No. 15 Cr. 579 (Apr. 16, 2019).

REQUEST NO. 5: Count Three – Commodities Fraud – First Element

The first element that the Government must prove beyond a reasonable doubt for Count Three is that the defendant employed a deceptive device, scheme, or artifice to defraud—specifically insider trading—by misappropriating material nonpublic information that he possessed pursuant to a duty of trust and confidence and entering into a swap transaction while in knowing possession of that information.

A deceptive device, scheme, or artifice to defraud includes any plan, device, practice, or course of conduct that operates as a fraud or deceit upon another. The specific deceptive device, scheme, or artifice to defraud that the Government alleges the defendant employed is known as insider trading.

An insider is a person who possesses material, nonpublic information by virtue of a relationship that involves a duty of trust and confidence. Such an insider has a legal duty not to disclose that information to unauthorized persons and not to use that information for personal benefit, when the information has been entrusted to the insider in confidence or the insider is otherwise obligated to keep the information confidential or use it only for authorized purposes. When a person possesses such material, nonpublic information and is subject to a duty of trust and confidence, that duty prohibits the person from trading on the basis of, or while knowingly possessing, that information for personal benefit.

> Adapted from the jury charges of the Honorable Lewis J. Liman in *United States v. Garelick*, No. 23 Cr. 307 (Apr. 29, 2024), the Honorable Andrew L. Carter in *United States v. Dagar*, No. 23 Cr. 319 (Jan. 10, 2024), the Honorable P. Kevin Castel in *United States v. Goel*, No. 22 Cr. 396 (June 12, 2023), and the Honorable Edgardo Ramos in *United States v. Blakstad*, No. 19 Cr. 486 (June 14, 2021).

A person misappropriates material nonpublic information when the person obtains or possesses information pursuant to a duty of trust and confidence and, in breach of that duty, enters into the transaction at issue while aware of and in possession of that information, rather than using it solely for the authorized purposes for which it was entrusted.

> Adapted from *United States v. O'Hagan*, 521 U.S. 642, 652 (1997) (a person commits fraud when he "misappropriates confidential information for securities trading purposes, in breach of a duty owed to the source of the information"), and *United States v. Chestman*, 947 F.2d 551, 566 (2d Cir. 1991) ("[A] person violates Rule 10b–5 when he misappropriates material nonpublic information in breach of a fiduciary duty or similar relationship of trust and confidence and uses that information in a securities transaction.").

In determining whether a relationship gave rise to a duty of trust and confidence, you must consider all of the facts and circumstances surrounding that relationship. A duty of trust and confidence exists when a relationship involves the type of reliance, trust, and understanding that confidential information will be kept confidential and used only for authorized purposes. In determining whether such a duty existed, you may consider the nature of the relationship, the defendant's position and responsibilities, any confidentiality policies, agreements, or instructions governing the information, the manner in which the information was provided, the purposes for which the information was entrusted to the defendant, and whether the defendant understood that the information was to be kept confidential and not used for personal benefit or disclosed to unauthorized persons.

> Adapted from the jury charges of the Honorable Lewis J. Liman in *United States v. Garelick*, No. 23 Cr. 307 (Apr. 29, 2024) and the Honorable Andrew L. Carter in *United States v. Dagar*, No. 23 Cr. 319 (Jan. 10, 2024), as well as from *United States v. Chestman*, 947 F.2d 551, 568-69 (2d Cir. 1991) (a duty of trust and confidence arises where there exists a fiduciary or similar relationship sharing the "essential characteristics of a fiduciary association"), *Dirks v. SEC*, 463 U.S. 646, 655 & n.14 (1983) (a duty arises where a person

is given access to confidential information "solely for corporate purposes" and enters into a "special confidential relationship" with the source of that information), *United States v. Kosinski*, 976 F.3d 135, 144-45 (2d Cir. 2020) (confidentiality agreements and evidence that defendants understood information could not be disclosed or used for personal purposes supported the existence of a duty of trust and confidence), and *United States v. Chow*, 993 F.3d 125, 138-39 (2d Cir. 2021) (confidentiality agreements and other restrictions on use and disclosure may establish a duty of trust and confidence and support a finding that information was entrusted for limited purposes).

I will now explain "material nonpublic information."

Information is material if a reasonable person would consider it important in deciding whether to buy, sell, or hold a financial instrument—such as an event contract—and at what price to enter into a transaction. Put another way, information is material if a reasonable person would view the information as having significantly altered the total mix of information available at the time. In determining whether information concerning such an event is material, you may consider both the likelihood that the event would occur and the significance of the event if it did occur. Information that provides additional detail, greater reliability, or greater certainty about a matter may be material even if the matter is already the subject of public rumor or speculation. Whether information is material must be judged based on the facts and circumstances that existed at the time of the relevant transaction.

Adapted from the jury charges of the Honorable Lewis J. Liman in *United States v. Garelick*, No. 23 Cr. 307 (Apr. 29, 2024), the Honorable Andrew L. Carter in *United States v. Dagar*, No. 23 Cr. 319 (Jan. 10, 2024), the Honorable P. Kevin Castel in *United States v. Goel*, No. 22 Cr. 396 (June 12, 2023), and the Honorable Edgardo Ramos in *United States v. Blakstad*, No. 19 Cr. 486 (June 14, 2021). This statement of law is also drawn from *Basic Inc. v. Levinson*, 485 U.S. 224, 231-32 (1988) (quoting *TSC Industries, Inc. v. Northway, Inc.*, 426 U.S. 438, 449 (1976)) (information is material where there is "a substantial likelihood that the … fact would have been viewed by the reasonable investor as having significantly altered the 'total

mix' of information made available"), *id.* at 238 (where information concerns "contingent or speculative information or events," materiality depends upon "a balancing of both the indicated probability that the event will occur and the anticipated magnitude of the event"), and *S.E.C. v. Mayhew*, 121 F.3d 44, 52 (2d Cir. 1997) (material facts include those which "may affect the desire of investors to buy, sell, or hold" or "might affect the value" of the financial instrument at issue), *id.* at 52 (where information "originates from an insider, the information, even if not detailed, takes on an added charge just because it is inside information"), *United States v. Contorinis*, 692 F.3d 136, 143-44 (2d Cir. 2012) (information may be material where it provides "additional details" or "additional reliability to existing information" already circulating publicly).

Information is nonpublic if, at the time of the transaction at issue, it had not been disseminated broadly to the public and had not already been reflected in the market price of the transaction. Information is nonpublic if it is not available to the public through such sources as press releases, Securities and Exchange Commission filings, trade publications, analysts' reports, newspapers, magazines, rumors, word of mouth or other sources. Information may remain nonpublic even if there is public rumor, media speculation, or discussion concerning the subject matter. Indeed, confirmation by an insider of unconfirmed facts or rumors—even if reported in the media—may itself be inside information.

You heard and saw evidence during this trial about certain information being classified. Information need not be classified to be considered nonpublic. Indeed, information may be nonpublic even though it is not classified. Rather, as I have already explained, information is nonpublic if, at the time of the transaction at issue, it had not been disseminated broadly to the investing public.

Adapted from the jury charges of the Honorable Lewis J. Liman in *United States v. Garelick*, No. 23 Cr. 307 (Apr. 29, 2024), the Honorable Andrew L. Carter in *United States v. Dagar*, No. 23 Cr. 319 (Jan. 10, 2024), the Honorable P. Kevin Castel in *United States*

> *v. Goel*, No. 22 Cr. 396 (June 12, 2023), the Honorable Edgardo Ramos in *United States v. Blakstad*, No. 19 Cr. 486 (June 14, 2021), and the Honorable Denise L. Cote in *United States v. Lavidas*, No. 19 Cr. 716 (Jan. 6, 2020). The statements of law are also drawn from *S.E.C. v. Mayhew*, 121 F.3d 44, 50 (2d Cir. 1997) (information is nonpublic unless it has achieved "broad dissemination to the investing public" or has been "fully impounded into the price of the particular stock"), *id.* at 50-51 (notwithstanding "widespread media speculation," information that is more "specific" may be nonpublic information), *United States v. Cusimano*, 123 F.3d 83, 89 n. 6 (2d Cir.1997) ("Information is nonpublic if it is not available to the public through such sources as press releases, Securities and Exchange Commission filings, trade publications, analysts' reports, newspapers, magazines, rumors, word of mouth or other sources."), *United States v. Mylett*, 97 F.3d 663, 666 (2d Cir. 1996) ("To constitute non-public information under the act, information must be specific and more private than general rumor."), *United States v. Contorinis*, 692 F.3d 136, 142 (2d Cir. 2012) ("[C]onfirmation by an insider of unconfirmed facts or rumors—even if reported in a newspaper—may itself be inside information.").

The Government must prove that the defendant was aware of and in possession of the material nonpublic information at the time he entered into the transaction. It is not necessary that the information was the sole reason for the transaction.

> Adapted from the jury charges of the Honorable Lewis J. Liman in *United States v. Garelick*, No. 23 Cr. 307 (Apr. 29, 2024), the Honorable Andrew L. Carter in *United States v. Dagar*, No. 23 Cr. 319 (Jan. 10, 2024), and the statements of law in *United States v. Royer*, 549 F.3d 886, 899-900 (2d Cir. 2008) (insider trading occurs where a defendant trades while in "knowing possession" of material nonpublic information and the information is used in connection with the trade), and *United States v. Teicher*, 987 F.2d 112, 120-21 (2d Cir. 1993) (approving possession-based instruction and explaining that insider trading liability may be established where the defendant traded while aware of material nonpublic information).

REQUEST NO. 6: Count Three – Commodities Fraud – Second Element

The second element that the government must establish beyond a reasonable doubt for Count Three is that the defendant acted knowingly, willfully, and with intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

> Adapted from the jury charges of the Honorable Lewis J. Liman in *United States v. Garelick*, No. 23 Cr. 307 (Apr. 29, 2024), and the Honorable Andrew L. Carter in *United States v. Dagar*, No. 23 Cr. 319 (Jan. 10, 2024).

To act "willfully" means to act knowingly and purposely, with an intent to do something the law forbids. It is not necessary that the defendant knew that he was violating a particular law. It is enough if he was aware of the generally illegal nature of his acts.

> Adapted from the jury charges of the Honorable Andrew L. Carter in *United States v. Dagar*, No. 23 Cr. 319 (Jan. 10, 2024), the Honorable P. Kevin Castel in *United States v. Goel*, No. 22 Cr. 396 (June 12, 2023), and the Honorable Edgardo Ramos in *United States v. Blakstad*, No. 19 Cr. 486 (June 14, 2021), as well as from the Second Circuit's statement of law in *United States v. Kosinski*, 976 F.3d 135, 153 (2d Cir. 2020).

"Intent to defraud" means to act with the intent to deceive, including by misusing or disclosing confidential information without the knowledge or approval of the person or entity to whom a duty of trust and confidence is owed. However, it is not necessary that the Government prove that the defendant intended to cause harm to that person or entity. A defendant may have the requisite intent to defraud even if the defendant was motivated by other lawful, proper, or neutral purposes or reasons for his actions.

> Adapted from the jury charges of the Honorable Denise L. Cote in *United States v. Lavidas*, No. 19 Cr. 716 (Jan. 6, 2020), and the Honorable Edgardo Ramos in *United States v. Blakstad*, No. 19 Cr. 486 (June 14, 2021), as well as from the Second Circuit's statement

of law in *United States v. Phillips*, No. 24-1908, 2025 WL 2528201, at *15 (2d Cir. Sept. 3, 2025) ("The intent element for specific intent crimes … can usually be satisfied even if the defendant has multiple reasons for taking an action, so long as one reason is the intent to deceive."), and *United States v. Technodyne LLC*, 753 F.3d 368, 385 (2d Cir. 2013) ("It is commonplace that the law recognizes that there may be multiple motives for human behavior; thus, a specific intent need not be the actor's sole, or even primary, purpose.").

If you find that the defendant knowingly concealed his true identity, or deliberately took steps to avoid disclosing it, that is a fact from which you may, but need not, infer consciousness of guilt on his part.

Adapted from *United States v. Duvall*, 537 F.2d 15, 26 (2d Cir. 1976) (in which the court instructed the jury that "[i]f you find that he knowingly used the false name in order to conceal his true identity and avoid identification, that is a fact from which you may, but need not infer consciousness of guilt on his part") and *United States v. Deutsch*, 451 F.2d 98, 118 (2d Cir. 1971) ("the use of false identification is relevant and admissible to show consciousness of guilt").

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of the defendant is a complete defense to a charge of insider trading. A defendant, however, has no burden to establish a defense of good faith. The burden is on the Government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

Adapted from the jury charges of the Honorable Lewis J. Liman in *United States v. Garelick*, No. 23 Cr. 307 (Apr. 29, 2024), the Honorable Andrew L. Carter in *United States v. Dagar*, No. 23 Cr. 319 (Jan. 10, 2024), and the Honorable P. Kevin Castel in *United States v. Goel*, No. 22 Cr. 396 (June 12, 2023). A version of the proposed instruction was approved of in *United States v. Alkins*, 925 F.2d 541, 550 (2d Cir. 1991) (approving of the language of this instruction), and *United States v. Khafizov*, 604 F. App'x 88, 90 (2d Cir. 2015) (same).

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past

he committed an act with fraudulent intent. Such direct proof is not required. The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-5 (2025), and the jury charges of the Honorable Lewis J. Liman in *United States v. Garelick*, No. 23 Cr. 307 (Apr. 29, 2024), the Honorable Andrew L. Carter in *United States v. Dagar*, No. 23 Cr. 319 (Jan. 10, 2024), and the Honorable P. Kevin Castel in *United States v. Goel*, No. 22 Cr. 396 (June 12, 2023).

REQUEST NO. 7: Count Three – Commodities Fraud – Third Element

The third and final element that the Government must establish beyond a reasonable doubt for Count Three is that the defendant's insider trading was "in connection with" any "swap."

Congress defined the term "swap" broadly to encompass any agreement, contract, or transaction that provides for any purchase, sale, payment, or delivery that is dependent on the occurrence, nonoccurrence, or the extent of the occurrence of an event or contingency associated with a potential financial, economic, or commercial consequence. An event or contingency is "associated with a potential financial, economic, or commercial consequence" when its occurrence, nonoccurrence, or extent has the potential to affect, in a material way, the financial, economic, or commercial interests of individuals, businesses, or other entities. The consequences need not be certain and need not actually have occurred. But the connection between the event and the consequence must be concrete and articulable, and not merely speculative, tenuous, or remote. That a party would win or lose money on the contract itself is not enough.

> Adapted from 7 U.S.C. § 1a(47)(A)(ii) (defining a swap) and the statements of law in *United States v. Phillips*, 155 F.4th 102, 113 (2d Cir. 2025) (swap definition is "broad"), *KalshiEX, LLC v. Flaherty*, 172 F.4th 220, 227-28 (3d Cir. 2026) (event "need only be associated with a potential financial, economic, or commercial consequence"), *Coinbase, Inc. v. Illinois*, No. 25 Civ. 15406, 2026 WL 2969682, at *8 (N.D. Ill. 2026) (an association "must be concrete and articulable," not "[s]peculative," "tenuous, remote, or peripheral"; "[f]or a consequence to be financial, it must affect finances in a material way"), and *United States v. Van Dyke*, No. 26 Cr. 156 (MMG), 2026 WL 3206159, at *3-4 (S.D.N.Y. Oct. 26, 2026) ("whether the transactions could facilitate hedging or price discovery" relevant).

Keep in mind, however, that the Government is not required to prove that the defendant in fact knew that the event contract or transaction at issue is classified as a "swap" under the law. If

you find that the instrument was a swap, it is no defense that the defendant did not know its status under the law.

> Adapted from *United States v. Brown*, 578 F.2d 1280, 1284 (9th Cir. 1978) (government must prove the instrument was in fact a security, but need not prove defendant knew its legal status); *United States v. Tucker*, 345 F.3d 320, 330 (5th Cir. 2003) (adopting *Brown* and holding that a defendant's belief concerning the nature of the instrument is irrelevant); *United States v. Hampton*, No. 23 Cr. 20172, 2024 WL 307641, at *3 (S.D. Fla. Jan. 26, 2024) (following *Brown* and holding that the government need not prove the defendant knew the crypto token was legally a security).

The requirement that the defendant's conduct was "in connection with" any swap is satisfied so long as there was some nexus or relation between the alleged misappropriation of confidential information and the swap. Such conduct may be "in connection with" any swap if you find that the conduct touched upon a swap transaction.

> Adapted from 7 U.S.C. §§ 9(1) and 13(a)(5), 17 C.F.R. § 180.1(a)(1), Sand, *Modern Federal Jury Instructions*, Instr. 57-21 (2025), the jury charges of the Honorable Lewis J. Liman in *United States v. Garelick*, No. 23 Cr. 307 (Apr. 29, 2024), the Honorable P. Kevin Castel in *United States v. Goel*, No. 22 Cr. 396 (June 12, 2023), and the Honorable Denise L. Cote in *United States v. Lavidas*, No. 19 Cr. 716 (Jan. 6, 2020), and the statements of law in *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit,* 547 U.S. 71, 85 (2006) (the "in connection with" requirement is satisfied where the fraud "coincide[s]" with the purchase or sale of securities), *Superintendent of Ins. v. Bankers Life & Cas. Co.,* 404 U.S. 6, 12-13 (1971) (Section 10(b) regulates deceptive devices "touching" a sale or purchase of a security), *United States v. Nouri*, 711 F.3d 129, 143 (2d Cir. 2013) (district court not required to instruct jury that fraud "merely incidental" to the sale of a security was insufficient), *United States v. Gruenberg*, 989 F.2d 971, 976 (8th Cir. 1993) (approving of the above instruction).

REQUEST NO. 8: Count One – Unlawful Use of Government Information – Elements

Let us turn now to Count One, which charges the defendant with the unlawful use of confidential government information for personal gain. To sustain its burden of proof on Count One, the Government must prove each of the following four elements beyond a reasonable doubt:

First, that the defendant was an employee or agent of a department or agency of the Federal Government and, by virtue of his employment or position, acquired the information at issue.

Second, that the information may affect or tend to affect the price of a swap, and that the information had not been disseminated or disclosed in the ways I will describe.

Third, that the defendant used the information in his personal capacity and for personal gain to enter into, or offer to enter into, a swap transaction.

Fourth, that the defendant acted knowingly and willfully.

I will discuss each element in turn.

Adapted from 7 U.S.C. §§ 6c(a)(3) and 13(a)(5).

REQUEST NO. 9: Count One – Unlawful Use of Government Information – First Element

The first element that the Government must prove beyond a reasonable doubt for Count One is that the defendant was an employee or agent of a department or agency of the Federal Government and acquired the information at issue by virtue of his employment or position.

The Department of War (also known as the Department of Defense) and the Department of the Army are departments or agencies of the Federal Government. An employee of a department or agency is a person who works for or serves in it, including a member of the armed forces on active duty. An agent is a person who acts on behalf of a department or agency and is subject to its direction. It is sufficient if the Government proves that the defendant was either an employee or an agent.

A person acquires information "by virtue of" his employment or position if he obtains the information because of that employment or position, including through the access it gives him.

> Adapted from 7 U.S.C. §§ 6c(a)(3) and 18 U.S.C. § 6 (defining "department" and "agency"). The Department of Defense is a listed department of the government in 5 U.S.C. § 101, and the Department of the Army is a listed military department in 5 U.S.C. § 102. The definition of "employee" is drawn from 28 U.S.C. § 2671, and the definition of an "agent" is drawn from the Restatement (Third) of Agency § 1.01.

REQUEST NO. 10: Count One – Unlawful Use of Government Information – Second Element

The second element that the Government must prove beyond a reasonable doubt for Count One is that the information in question might affect the price of a swap, and that the information had not been officially released or disseminated. I will address each of those parts.

First, the Government must prove that the information may affect or tend to affect the price of a swap. Information meets this requirement if it is the type of information that could influence that price. The Government need not prove that the information actually changed any price. I have already instructed you on the meaning of "swap," and that definition applies here.

Second, the Government must prove that the information had not been disseminated by the department or agency holding or creating it, by Congress, or by the judiciary in a manner that made it generally available to the public. The Government must also prove that the information had not been disclosed in a criminal, civil, or administrative hearing, or in a congressional, administrative, or Government Accountability Office report, hearing, audit, or investigation. Rumor, speculation, or press reports about a subject do not, by themselves, meet this standard. The question is whether the information had been officially released or disclosed in one of the ways I have described.

Adapted from 7 U.S.C. §§ 6c(a)(3). The instruction concerning whether information has been disseminated is modeled in part on the Second Circuit's statements of law in *United States v. Mylett*, 97 F.3d 663, 666 (2d Cir. 1996) ("To constitute non-public information under the act, information must be specific and more private than general rumor.") and *S.E.C. v. Mayhew*, 121 F.3d 44, 50 (2d Cir. 1997) (information remained nonpublic notwithstanding "widespread media speculation").

<u>REQUEST NO. 11:</u> <u>Count One – Unlawful Use of Government Information – Third Element</u>

The third element that the Government must prove beyond a reasonable doubt for Count One is that the defendant used the information in his personal capacity and for personal gain to enter into, or offer to enter into, a swap.

A person uses information to enter into a transaction if the information is a factor in his decision to do so.

A person acts in his "personal capacity" when he acts for himself, rather than in performing his official duties or on behalf of the Government. A person acts "for personal gain" if one of his purposes is to obtain a financial or other benefit for himself.

> Adapted from 7 U.S.C. § 6c(a)(3) and the jury instruction approved of in *United States v. Rajaratnam*, 719 F.3d 139, 157 (2d Cir. 2013) (instruction proper that informed the jury that it could convict if "material non-public information given to the defendant was a factor, however small, in the defendant's decision to purchase or sell stock").

REQUEST NO. 12: Count One – Unlawful Use of Government Information – Fourth Element

The fourth and final element that the Government must prove beyond a reasonable doubt for Count One is that the defendant acted knowingly and willfully. I have already instructed you on the meanings of "knowingly" and "willfully," and those definitions apply here.

Since an element of the crime of the crime is willfulness, good faith on the part of the defendant is a complete defense to this charge. You should apply my instructions concerning good faith here as well.

Adapted from 7 U.S.C. § 13(a)(5).

REQUEST NO. 13: Count Two – Misappropriation of Government Information – Elements

Next, I will turn to Count Two, which charges the defendant with the misappropriation of nonpublic government information for personal gain. To sustain its burden of proof on Count Two, the Government must prove each of the following four elements beyond a reasonable doubt:

First, that the defendant misappropriated information held or created by a department or agency of the Federal Government.

Second, that the information may affect or tend to affect the price of a swap, and that the defendant knew that the information had not been disseminated or disclosed in the ways I have described.

Third, that the defendant used the information to enter into a swap.

Fourth, that the defendant acted knowingly and willfully.

I will discuss each element of Count Two in turn.

Adapted from 7 U.S.C. §§ 6c(a)(4)(C) and 13(a)(5).

REQUEST NO. 14: Count Two – Misappropriation of Government Information – First Element

The first element that the Government must prove beyond a reasonable doubt for Count Two is that the defendant misappropriated information held or created by a department or agency of the Federal Government.

I have already told you which entities are departments or agencies of the Federal Government.

Information is "held" by a department or agency if it possesses the information, and "created" by a department or agency if it produced the information. Either is sufficient.

To "misappropriate" information means to take or use, for one's own purposes and without authorization, information entrusted for limited purposes.

> Adapted from 7 U.S.C. § 6c(a)(4)(C) and from *United States v. O'Hagan*, 521 U.S. 642, 652 (1997) (defining misappropriation).

REQUEST NO. 15: Count Two – Misappropriation of Government Information – Second Element

The second element that the Government must prove beyond a reasonable doubt for Count Two is that the information in question might affect the price of a swap, and that the defendant knew it had not been officially released or disseminated. I will address each of those parts.

First, the Government must prove that the information may affect or tend to affect the price of a swap. I have already instructed you on this requirement for Count One, and the same instruction applies here.

Second, the Government must prove that the defendant knew that the information had not been disseminated by the department or agency holding or creating it, by Congress, or by the judiciary in a manner that made it generally available to the trading public, or disclosed in a criminal, civil, or administrative hearing, or in a congressional, administrative, or Government Accountability Office report, hearing, audit, or investigation.

Adapted from 7 U.S.C. §§ 6c(a)(4)(C).

REQUEST NO. 16: Count Two – Misappropriation of Government Information – Third Element

The third element that the Government must prove beyond a reasonable doubt for Count Two is that the defendant used the information to enter into a swap. I have already instructed you on what it means to use information to enter into a transaction, and on the meaning of "swap." Those instructions apply here.

Adapted from 7 U.S.C. §§ 6c(a)(4)(C).

REQUEST NO. 17: Count Two – Misappropriation of Government Information – Fourth Element

The fourth and final element that the Government must prove beyond a reasonable doubt for Count Two is that the defendant acted knowingly and willfully. I have already instructed you on the meanings of these terms, and those definitions apply here.

Since an element of the crime of the crime is willfulness, good faith on the part of the defendant is a complete defense to this charge. You should apply my instructions concerning good faith here as well.

Adapted from 7 U.S.C. § 13(a)(5).

REQUEST NO. 18: Count Four – Wire Fraud – Elements

Next, I will turn to Count Four of the Indictment, wire fraud. To sustain its burden of proof with respect to the offense of wire fraud, the Government must prove each of the following three elements beyond a reasonable doubt:

First, that there was a scheme or artifice to defraud the United States military to obtain (a) its property, specifically its confidential operational information used in military activities, and/or (b) the money or property of persons with whom the defendant transacted on Polymarket.

Second, that the defendant knowingly participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud.

Third, that in execution of that scheme, the defendant used or caused the use of an interstate or international wire.

I will discuss each element in turn.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-3 (2025), and from the jury charges of the Honorable Jesse M. Furman in *United States v. Chastain*, No. 22 Cr. 305 (Apr. 25, 2023), *reversed on other grounds*, 145 F.4th 282 (2d Cir. 2025), and the Honorable Denise L. Cote in *United States v. Lavidas*, No. 19 Cr. 716 (Jan. 14, 2020). The elements are also drawn from the Second Circuit's decision in *United States v. Greenberg*, 835 F.3d 295, 305 (2d Cir. 2016) ("[T]he 'essential elements' of the crime are '(1) a scheme to defraud, (2) money or property as the object of the scheme, and (3) use of the mails or wires to further the scheme.'").

REQUEST NO. 19: Count Four – Wire Fraud – First Element

The first element that the Government must prove beyond a reasonable doubt is that there was a scheme or artifice to defraud to obtain money or property.

A "scheme" or "artifice" is merely a plan to accomplish an object or objective. "Fraud" is a general term that refers to depriving another of money or property by dishonest means, methods, or schemes. Thus, a "scheme or artifice to defraud" includes any plan, device, or course of action to obtain money or property by deceit or by means of false or fraudulent pretenses, representations, or promises.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-4 (2025), and from the jury charges of the Honorable Loretta A. Preska in *United States v. Solomon*, No. 24 Cr. 665 (Apr. 21, 2026); the Honorable Jesse M. Furman in *United States v. Castillero*, No. 23 Cr. 622 (Nov. 4, 2025); the Honorable Lewis A. Kaplan in *United States v. Bankman-Fried*, No. 22 Cr. 673 (Oct. 3, 2023); and the Honorable Alison J. Nathan in *United States v. Lebedev*, No. 15 Cr. 769 (Mar. 10, 2017). The definition of "fraud" is drawn from the Supreme Court's decision in *Hammerschmidt v. United States*, 265 U.S. 182, 188 (1924), and the Second Circuit's articulation of the governing principles in *United States v. Coplan*, 703 F.3d 46, 59-60 (2d Cir. 2012).

As is pertinent here, a "scheme to defraud" includes the fraudulent embezzlement or misappropriation of property belonging to another. In this context, misappropriation occurs when a defendant is entrusted with access to or possession of confidential information for the benefit of the entity to which the information belongs, and the defendant knowingly and fraudulently uses that information for his own purposes in a manner that was not permitted and that departs from the obligations arising from the relationship of trust or confidence in which the information was received. Confidential information is entrusted to a defendant's care when the defendant has access to it by virtue of a position of trust, duty, or authority, and the defendant is permitted to use or

handle that information only for the benefit of the entity to which it belongs, not for the defendant's own personal benefit.

> Adapted from the jury charges of the Honorable Lewis A. Kaplan in *United States v. Bankman-Fried*, No. 22 Cr. 673 (Oct. 3, 2023), the Honorable Vernon S. Broderick in *United States v. Cohen*, No. 23 Cr. 134 (Feb. 27, 2026), and the Honorable Jesse M. Furman in *United States v. Chastain*, No. 22 Cr. 305 (Apr. 25, 2023), *reversed on other grounds*, 145 F.4th 282 (2d Cir. 2025). The statement of law is also based on *Johnson v. United States*, 144 F.4th 133, 143 (2d Cir. 2025) ("To convict on the misappropriation theory, the jury needed to find … the Defendant entered into a relationship of trust and confidence … [was] provided … confidential information in the course of such a relationship ... secretly used that information for his own benefit, under circumstances where that use could or did result in a tangible harm to [the source of the information] … and … acted with knowledge and fraudulent intent."); *Carpenter v. United States*, 484 U.S. 19, 27 (1987) ("The concept of 'fraud' includes the act of embezzlement, which is 'the fraudulent appropriation to one's own use of the money or goods entrusted to one's care by another.'" (quoting *Grin v. Shine*, 187 U.S. 181, 189 (1902)); and *United States v. Chestman*, 947 F.2d 551, 568-69 (2d Cir. 1991) (defining a "fiduciary or similar relationship of trust and confidence").

The undisclosed and impermissible use of confidential information must be material. Misappropriation of confidential information is material if the disclosure of the misappropriation would be expected to influence or is capable of influencing the decision of a reasonable person.

> Adapted from the jury charges by the Honorable Loretta A. Preska in *United States v. Solomon*, No. 24 Cr. 665 (Apr. 21, 2026) and the Honorable Lewis A. Kaplan in *United States v. Bankman-Fried*, No. 22 Cr. 673 (Oct. 3, 2023).

In addition, in order to establish a scheme to defraud, the government must prove that the alleged scheme contemplated wrongly depriving another of money or property. The Indictment alleges that the defendant obtained two types of property. To satisfy this element, you need only find that the defendant sought to obtain one of those forms of property, although you may find that he sought to obtain both. You must be unanimous as to each of the forms of property the defendant

sought to obtain, and you will be asked to indicate your verdict as to each form of property on the verdict form.

> Adapted from the jury charges by the Honorable Loretta A. Preska in *United States v. Solomon*, No. 24 Cr. 665 (Apr. 21, 2026) and the Honorable Lewis A. Kaplan in *United States v. Bankman-Fried*, No. 22 Cr. 673 (Oct. 3, 2023).

First, the Indictment alleges that the defendant misappropriated and used the confidential information of the United States military, and that the information was the government's property. Confidential operational information used in law-enforcement and military activities can be a type of property. Factors you may consider in determining whether confidential operational information is property include: whether the information derives its value from its confidentiality; whether disclosure or misuse of the information would impair, compromise, or interfere with governmental operations; whether the Government maintains exclusive control over the information, including through measures to restrict access and preserve secrecy; and whether the information's confidentiality is essential to the Government's ability to carry out its mission.

> Adapted from *United States v. Van Dyke*, No. No. 26 Cr. 156 (MMG), 2026 WL 3206159, at *8-11 (S.D.N.Y. Oct. 26, 2026) (confidential operational information used in law-enforcement and military activities can constitute government property because its value derives from its confidentiality and its role in enabling effective operations); *United States v. Girard*, 601 F.2d 69, 71-72 (2d Cir. 1979) (government has a property interest in confidential investigative records whose disclosure would compromise operations and safety); *United States v. Blaszczak*, 56 F.4th 230, 244 (2d Cir. 2022) (affirming that inherently valuable operational or investigative information—unlike mere regulatory information—can constitute government property because its confidentiality is essential to the government's ability to carry out its mission); *United States v. Mahaffy*, 693 F.3d 113, 135 n.14 (2d Cir. 2012) (listing factors for determining when information is treated as confidential, including policies, training, secrecy measures, and limited access); *Carpenter v. United States*, 484 U.S. 19, 25-27 (1987) (intangible information is property when confidentiality and exclusive use are

> essential to its value); and *United States v. Chastain*, 145 F.4th 282, 292-96 (2d Cir. 2025) (outlining the "traditional property interest" framework under the wire-fraud statute, while recognizing that the commercial-value requirement applies in the commercial—not governmental—context).

Second, the Indictment alleges that the defendant misappropriated confidential military information and used that information to obtain money or property from the counterparties with whom he traded on Polymarket. It is not required that the scheme to defraud—here the defendant's misappropriation of confidential information—involve the same person or entity whose money or property was obtained. The fraudulent conduct may target one person or entity in order to obtain the money or property of another, as long as the money or property is obtained by means of the fraudulent conduct.

> Adapted from the jury charges of the Honorable Loretta A. Preska in *United States v. Solomon*, No. 24 Cr. 665 (Apr. 21, 2026), and the Honorable Jessica G.L. Clarke in *United States v. Peraire-Bueno*, No. 24 Cr. 293 (Nov. 3, 2025), and the Second Circuit's statement of law in *United States v. Greenberg*, 835 F.3d 295, 306 (2d Cir. 2016) ("wire fraud does not require convergence between the parties intended to be deceived and those whose property is sought in a fraudulent scheme"), as well as the Supreme Court's explanation in *Loughrin v. United States*, 573 U.S. 351, 362-63 (2014) (the money or property must be obtained "by means of" the fraudulent conduct).

It is not necessary for the defendant to know that the law characterizes a particular item as "property."

> Adapted from the jury charge of the Honorable Loretta A. Preska in *United States v. Solomon*, No. 24 Cr. 665 (Apr. 21, 2026), and the Supreme Court's statement of the law in *Shaw v. United States*, 580 U.S. 63, 68 (2016) ("legal ignorance … is no defense to criminal prosecution" for property fraud).

It is not necessary for the Government to prove that a victim was actually defrauded, or that any victim suffered a financial loss, damages, injury, or was economically worse off. The

Government need not prove that a victim actually was deprived of money or property, only that the defendant contemplated that a victim would be deprived of money or property as a result of the scheme.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-4 (2025); the jury charges of the Honorable Loretta A. Preska in *United States v. Solomon*, No. 24 Cr. 665 (Apr. 21, 2026), and the Honorable John G. Koeltl in *United States v. Albin*, No. 23 Cr. 664 (June 23, 2025); the Supreme Court's articulation of the governing principles in *Kousisis v. United States*, 145 S. Ct. 1382, 605 U.S. — (2025) (wire fraud does not require "a showing of ultimate financial loss" or that the victim was "economically worse off"); and the Second Circuit's statements in *United States v. Bankman-Fried*, No. 24-961-cr, 2026 WL 1725419, at *6 (2d Cir. June 12, 2026) ("proof of intent to cause net financial loss is not required") and *United States v. Zagari*, 111 F.3d 307, 327 (2d Cir. 1997) ("the government is not required to show that the intended victim was actually defrauded").

A scheme to defraud need not be shown by direct evidence but may be established by all of the circumstances and facts in the case. If you find that the Government has sustained its burden of proof that a scheme to defraud, as charged, did exist, you next should consider the second element.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-4 (2025), and the jury charges of the Honorable Loretta A. Preska in *United States v. Solomon*, No. 24 Cr. 665 (Apr. 21, 2026) and the Honorable Jesse M. Furman in *United States v. Avenatti*, No. 19 Cr. 374 (Jan. 24, 2022).

<u>REQUEST NO. 20:</u> <u>Count Four – Wire Fraud – Second Element</u>

The second element that the government must establish beyond a reasonable doubt for Count Four is that the defendant acted knowingly and with specific intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently. "Intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of obtaining money or property.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-5 (2025); the jury charges of the Honorable Loretta A. Preska in *United States v. Solomon*, No. 24 Cr. 665 (Apr. 21, 2026), the Honorable Valerie E. Caproni in *United States v. Bynum*, No. 21 Cr. 603 (Nov. 1, 2023), and *United States v. Reese*, No. 24 Cr. 402 (Mar. 19, 2025); the Honorable Jennifer L. Rochon in *United States v. Brend*, No. 22 Cr. 551 (Mar. 4, 2024); and the Honorable J. Paul Oetken in *United States v. Pukke*, No. 23 Cr. 168 (July 9, 2024). The instruction reflects the well-established principle that "willfully" "has no textual basis in the wire fraud statute" and is not an element of the offense. *United States v. Bynum*, No. 21 Cr. 603 (VEC), Dkt. No. 1149 at 1-2 (Nov. 10, 2023). The applicable mens rea is specific intent to defraud. *United States v. Rybicki*, 354 F.3d 124, 150 (2d Cir. 2003); *see also United States v. Porcelli*, 865 F.2d 1352, 1358 (2d Cir. 1989) (the "specific intent required under the mail fraud statute is the intent to defraud … and not the intent to violate a statute."). Courts in this Circuit and elsewhere have repeatedly confirmed that a willfulness instruction is not required. *See*, e.g., *United States v. Middendorf*, No. 18 Cr. 36 (JPO), 2019 WL 4254025, at *7 (S.D.N.Y. Sept. 9, 2019); *United States v. Gentile*, No. 21 Cr. 54 (RPK), 2025 WL 777090, at *32 (E.D.N.Y. Mar. 11, 2025); *United States v. Novis*, No. 20 Cr. 335 (JMA), 2023 WL 4746541, at *22 (E.D.N.Y. July 24, 2023); *United States v. DiRoberto*, 686 F. App'x 458, 461 (9th Cir. 2017); *United States v. Blagojevich*, 794 F.3d 729, 739 (7th Cir. 2015); *United States v. Gole*, 21 F. Supp. 2d 161, 167 (E.D.N.Y. 1997), *aff'd*, 158 F.3d 166 (2d Cir. 1998).

The Government need not prove that the intent to defraud was the only intent or even the primary intent of the defendant. A defendant may have the requisite intent to defraud even if the defendant was motivated by other lawful, proper, or neutral purposes or reasons for his actions.

> Adapted from the jury charges of the Honorable Loretta A. Preska in *United States v. Solomon*, No. 24 Cr. 665 (Apr. 21, 2026), the Honorable Lewis A. Kaplan in *United States v. Bankman-Fried*, No. 22 Cr. 673 (Oct. 3, 2023), and the Honorable Jennifer L. Rochon in *United States v. Brend*, No. 22 Cr. 551 (Mar. 4, 2024), and the Second Circuit's statements of law in *United States v. Phillips*, No. 24-1908, 2025 WL 2528201, at *15 (2d Cir. Sept. 3, 2025) ("The intent element for specific intent crimes … can usually be satisfied even if the defendant has multiple reasons for taking an action, so long as one reason is the intent to deceive."), and *United States v. Technodyne LLC*, 753 F.3d 368, 385 (2d Cir. 2013) ("It is commonplace that the law recognizes that there may be multiple motives for human behavior; thus, a specific intent need not be the actor's sole, or even primary, purpose.").

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of the defendant is a complete defense. A defendant, however, has no burden to establish a defense of good faith. The burden is on the Government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-5 (2025), the jury charges of the Honorable Loretta A. Preska in *United States v. Solomon*, No. 24 Cr. 665 (Apr. 21, 2026), the Honorable Paul A. Engelmayer in *United States v. Gray,* No. 21 Cr. 713 (May 20, 2024), and the Honorable Jesse M. Furman in *United States v. Chastain*, No. 22 Cr. 305 (Apr. 25, 2023), *reversed on other grounds*, 145 F.4th 282 (2d Cir. 2025). A version of the proposed instruction was approved of in *United States v. Alkins*, 925 F.2d 541, 550 (2d Cir. 1991) (approving of the language of this instruction), and *United States v. Khafizov*, 604 F. App'x 88, 90 (2d Cir. 2015) (same).

However, a belief by the defendant, if such belief existed, that ultimately everything would work out so that no one would lose any money or ultimately be harmed does not require a finding by you that the defendant acted in good faith. If the defendant participated in the scheme for the purpose of obtaining money or property from another and acted with intent to deceive, then no

amount of honest belief on the part of the defendant that the scheme would eventually cause no harm will excuse fraudulent actions by him.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-5 (2025), the jury instructions approved of in *United States v. Bankman-Fried*, No. 24-961-cr, 2026 WL 1725419, at *7 (2d Cir. June 12, 2026), and the Second Circuit's decisions in *United States v. Lange*, 834 F.3d 58, 79 (2d Cir. 2016) (approving of the language of this instruction), *United States v. Percoco*, 13 F.4th 158, 176 (2d Cir. 2021), *vacated on other grounds sub nom. Ciminelli v. United States*, 598 U.S. 306 (2023) (upholding instruction to jury that "a belief by the defendant that eventually everything would work out so that [the victim] would get a good deal does not mean that the defendant acted in good faith"), and *United States v. Ferguson*, 676 F.3d 260, 280 (2d Cir. 2011) (upholding instruction to jury that "[n]o amount of honest belief on the part of a defendant that the scheme will ultimately make a profit for the investors, or not cause anyone harm, will excuse fraudulent actions or false representations by him or her").

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required. The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-5 (2025), and the jury charges by the Honorable Loretta A. Preska in *United States v. Solomon*, No. 24 Cr. 665 (Apr. 21, 2026) and the Honorable Lewis A. Kaplan in *United States v. Bankman-Fried*, No. 22 Cr. 673 (Oct. 3, 2023).

REQUEST NO. 21: Count Four – Wire Fraud – Third Element

The third and final element that the Government must establish beyond a reasonable doubt for Count Four is the use of an interstate or international wire communication in furtherance of the scheme to defraud. An interstate wire means a wire that passes between two or more states. A foreign wire means a wire that travels between the United States and another country. Examples of wires include telephone calls, text messages, communications over the Internet, commercials on television, financial wires between bank accounts, cryptocurrency transactions over the internet, among other things.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-7 (2025), and the jury charges by the Honorable Loretta A. Preska in *United States v. Solomon*, No. 24 Cr. 665 (Apr. 21, 2026) and the Honorable Lewis A. Kaplan in *United States v. Bankman-Fried*, No. 22 Cr. 673 (Oct. 3, 2023).

The use of the wires need not itself be fraudulent. It must, however, further or assist in the carrying out of the scheme to defraud.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-7 (2025), and the jury charges by the Honorable Loretta A. Preska in *United States v. Solomon*, No. 24 Cr. 665 (Apr. 21, 2026) and the Honorable Lewis A. Kaplan in *United States v. Bankman-Fried*, No. 22 Cr. 673 (Oct. 3, 2023). *See also Schmuck v. United States*, 489 U.S. 705, 710 (1989) (explaining that "'innocent' mailings—ones that contain no false information—may supply the mailing element"); *United States v. Vilar*, 729 F.3d 62, 89 (2d Cir. 2013) (instruction that "the mailed letter need not itself be fraudulent; for example, the mailed matter need not contain any fraudulent representations, and indeed may be completely innocent" was "correct as to the law").

This wire communication requirement is satisfied even if the wire communication was done by a person with no knowledge of the fraudulent scheme, including a victim of the alleged fraud.

> Adapted from the jury charge by the Honorable Sidney H. Stein in *United States v. Constantinescu*, No. 19 Cr. 651 (June 27, 2022).

It is not necessary for the defendant to be directly or personally involved in the wire communication, if the communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating. In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others. This does not mean that the defendant must specifically have authorized others to make the call or transfer the funds or take any other action. When one does an act with knowledge that the use of the wires will follow in the ordinary course of business or where such use of the wires can reasonably be foreseen, even though not actually intended, then he or she causes the wires to be used.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-7 (2025), the jury charges by the Honorable Loretta A. Preska in *United States v. Solomon*, No. 24 Cr. 665 (Apr. 21, 2026) and the Honorable Lewis A. Kaplan in *United States v. Bankman-Fried*, No. 22 Cr. 673 (Oct. 3, 2023), and the instruction approved of by the Second Circuit in *United States v. Svoboda*, 347 F.3d 471, 483 (2d Cir. 2003) (approving of the instruction "It is sufficient to satisfy the venue requirement if any act in furtherance of the crimes charged occurred within the Southern District of New York.")

Only the wire communication must be reasonably foreseeable, not its interstate or international component. Thus, if the wire communication was reasonably foreseeable and the interstate or international wire communications actually took place, then this element would be satisfied, even if it was not foreseeable that the wire communication would cross state or national lines.

> Adapted from the jury charges by the Honorable Loretta A. Preska in *United States v. Solomon*, No. 24 Cr. 665 (Apr. 21, 2026) and the Honorable Sidney H. Stein in *United States v. Constantinescu*, No. 19 Cr. 651 (June 27, 2022).

REQUEST NO. 22: Count Five – Unlawful Monetary Transaction – Elements

Next, I will turn to Count Five of the Indictment, which charges the defendant with engaging in a monetary transaction over $10,000 in property derived from specified unlawful activity—here, a transaction of approximately $300,000 to an Interactive Brokers account—in violation of Title 18, United States Code, Section 1957. The elements of this offense are as follows:

*First*, the defendant was a United States person or in the United States and engaged in a monetary transaction with a value greater than $10,000.

*Second*, the defendant knew the property involved in the transaction was criminally derived property.

*Third*, the property involved in the transaction was actually derived from specified unlawful activity.

> Adapted from *United States v. Carucci*, 364 F.3d 339, 343 (1st Cir. 2004) ("To establish a violation of 18 U.S.C. § 1957, the government must prove that (1) the defendant engaged or attempted to engage in a monetary transaction with a value of more than $10,000; (2) the defendant knew that the property involved in the transaction had been derived from some form of criminal activity; and (3) the property involved in the transaction was actually derived from specified unlawful activity."). *See also United States v. Moparty*, 11 F.4th 280, 298 (5th Cir. 2021) (adopting an alternative three-element formulation). The Modern Federal Jury Instructions use a five-element formulation for this offense. *See* Sand et al., *Modern Federal Jury Instructions*, Instr. 50A-26. While substantively the same, the three-element formulation is shorter and easier to understand.

REQUEST NO. 23: Count Five – Unlawful Monetary Transaction – First Element

The first element is that the defendant was a United States person or in the United States and engages in a monetary transaction with a value greater than $10,000.

A "United States person" is a citizen or national of the United States.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument by, through, or to a financial institution.

The term "interstate or foreign commerce" means commerce between any combination of states, territories or possessions of the United States, or between the United States and a foreign country.

You must find that the transaction would have affected interstate commerce in some way, however minimal. The effect on interstate commerce can be established in several ways, including, but not limited to that the source of the funds used in the transaction affected interstate commerce, or that the transaction itself involved an interstate transfer of funds.

The amount or value of the "financial transaction" must be greater than $10,000.

> Adapted from the jury charges of the Honorable Loretta A. Preska in *United States v. Adelekan*, 19 Cr. 291 (LAP) (Oct. 26, 2021); and from Sand et al., *Modern Federal Jury Instructions*, Instr. 50A-27.
>
> There is no need to treat an effect on interstate commerce as a separate element because proof of an effect on interstate commerce is required by the definition of the term "monetary transaction." *See* Sand et al., *Modern Federal Jury Instructions*, Instr. 50A-27, Cmt.

REQUEST NO. 24: Count Five – Unlawful Monetary Transaction—Second Element

The second element of this object is that the defendant knew the property involved in the transaction was criminally derived property.

"Criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense. The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

The Government must prove that the defendant knew the transaction involved criminally derived property. However, the Government is not required to prove that the defendant knew the particular offense from which the criminally derived property was derived.

Adapted from Sand et al., *Modern Federal Jury Instructions*, Instr. 50A-28, 50A-30.

<u>REQUEST NO. 25:</u> <u>Count Five – Unlawful Monetary Transaction—Third Element</u>

The third element of this object is that the property involved in the transaction was actually derived from specified unlawful activity. Here, the Indictment alleges that the "specified" unlawful activity is the wire fraud charged in Count Four, and I instruct you, as a matter of law, that the term "specified unlawful activity" includes wire fraud.

> Adapted from Sand et al., *Modern Federal Jury Instructions*, Instr. 50A-29.

REQUEST NO. 26: Venue

In addition to all of the elements that I have described for you, you must separately decide whether an act in furtherance of each alleged crime occurred within the Southern District of New York. The Southern District of New York includes Manhattan, the Bronx, and Westchester. This requirement is called "venue." Venue refers to the fact that the Government must prove that a charge was properly brought in this court as opposed to a different federal court. You'll determine the satisfaction of the venue requirement separately for each count.

For Counts One through Three, it is sufficient to satisfy the venue requirement if any act in furtherance of the crime charged occurred in this District. The act itself need not be a criminal act. It could include, for example, processing or executing a trade within this District. And the act need not have been taken by the defendant, so long as the act was part of the crime that you find the defendant committed.

For the wire fraud charge in Count Four, it is sufficient to establish venue if the defendant caused any interstate wire such as an email, phone call, television or internet broadcast, financial transaction, or cryptocurrency transaction to be transmitted into or out of the District. The wire need not itself be criminal as long as it was transmitted or caused to be transmitted as part of the scheme. The act need not have been taken by the defendant, so long as the act was part of the crime that you find he committed.

For the unlawful monetary transaction charge in Count Five, it is sufficient to establish venue if any part of the money transaction occurred in this District or if there is venue in this District for the underlying wire fraud transaction that gave rise to the criminally derived proceeds.

As to the venue requirement alone, the Government's burden is to show that venue is proper by a preponderance of the evidence. That is, the Government must show simply that it is more

likely than not that venue is proper here.

> Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023), and the Honorable Edgardo Ramos in *United States v. Milton*, No. 21 Cr. 478 (Oct. 14, 2022). *See also United States v. Lange*, 834 F.3d 58, 72 (2d Cir. 2016) (venue proper where fraudulent communications were received).

REQUEST NO. 27: Conscious Avoidance
(If Applicable)

As I have explained, charges in the Indictment require the Government to prove that the defendant acted knowingly. In determining whether the defendant acted knowingly, you may consider whether the defendant deliberately closed his eyes to what otherwise would have been obvious.

I would like to point out that the necessary knowledge on the part of the defendant with respect to any particular charge cannot be established by showing that that defendant was careless, negligent, or foolish. However, one may not willfully and intentionally remain ignorant of a fact material and important to his conduct in order to escape the consequences of criminal law. The law calls this "conscious avoidance" or "willful blindness." In other words, the Government can prove either that the defendant actually knew the objective of the conspiracy or he consciously avoided knowledge of the object of the conspiracy.

Thus, if you find beyond a reasonable doubt that the defendant was aware that there was a high probability that a crime was being committed, but that the defendant deliberately and consciously avoided confirming this fact, such as by purposely closing his or her eyes to it or intentionally failing to investigate it, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge, unless you find that the defendant actually believed that he was not engaged in such unlawful behavior. In other words, a defendant cannot avoid criminal responsibility for his own conduct by "deliberately closing his eyes," or remaining purposefully ignorant of facts which would confirm to him that he was engaged in unlawful conduct. Put another way, a person cannot look at all sorts of things that make it obvious to any

reasonable person what is going on and then claim in court that, because he deliberately avoided learning what was explicitly obvious, he did not know the incriminating fact.

In sum, if you find that a defendant believed there was a high probability that a fact was so and that the defendant took deliberate and conscious action to avoid learning the truth of that fact, you may find that the defendant acted knowingly with respect to that fact. However, if you find that the defendant actually believed the fact was not so, then you may not find that he acted knowingly with respect to that fact.

Adapted from the jury charges given by the Honorable Loretta A. Preska in *United States v. Tanner et al.*, 17 Cr. 61 (S.D.N.Y. May 3, 2018); the Honorable P. Kevin Castel in *United States v. William Walters*, 16 Cr. 338 (S.D.N.Y. April 6, 2017); and Sand, *Modern Federal Jury Instructions*, Instr. 3A-2.

REQUEST NO. 28: Other Acts Evidence
(If Applicable)

Now, you also heard evidence that the defendant engaged in misconduct that is not charged in this Indictment including ______. The defendant is not on trial for committing those acts. Accordingly, you may not consider the evidence of other uncharged bad acts as a substitute for proof that the defendant committed the crimes with which he is charged here. Nor may you consider that evidence as proof that the defendant has a criminal personality or bad character. The evidence was admitted for limited purposes, and you may consider it for those purposes alone.

More specifically, you may consider the evidence you have heard regarding _____ as relevant to ________.

Adapted from the charge of the Honorable Lewis A. Kaplan in *United States v. Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023).

REQUEST NO. 29: Variance in Dates

As I have described the Indictment, you may have noticed that it refers to various dates or times. It does not matter if the evidence you heard at trial indicates that a particular act occurred on a different date, and it is not essential that the Government prove that the charged offenses started and ended on any specific dates. The law requires only a substantial similarity between the dates alleged in the indictment and the dates established by the evidence.

Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instr. 3-12, and the charge of the Honorable Lewis A. Kaplan in *United States v. Jones*, No. 17 Cr. 791 (Dec. 16, 2019).

## REQUEST NO. 30: Expert Witness

You heard the testimony of certain witnesses who I certified as experts. An expert is a witness who, by education or experience, has acquired knowledge in a specialized area. Such witnesses are allowed to give their opinions as to relevant matters in which they profess to be an expert, and to give the reasons for their opinions. Expert testimony is presented to you on the theory that someone who is experienced and knowledgeable in a field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing expert testimony, you may consider the expert's qualifications, the opinion given, the witness's reasons for testifying, as well as all the other considerations that ordinarily apply when you are deciding whether or not to believe a witness. You may give expert testimony whatever weight, if any, you find it deserves in light of all the evidence before you. You should not, however, accept a witness's testimony merely because he or she is an expert in a field. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you, the jury.

> Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023); the Honorable Richard J. Sullivan in *United States v. Brennerman*, No. 17 Cr. 337 (Dec. 6, 2017); and the Honorable J. Paul Oetken in *United States v. Middendorf*, No. 18 Cr. 36 (Feb. 1, 2022).

REQUEST NO. 31: Government Employee Witnesses

You have heard the testimony of law enforcement witnesses and other Government employees. The fact that a witness may be employed by the Federal Government as a law enforcement agent, employee, or member of the military does not mean that his or her testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness. As with all other witnesses, it is up to you to decide, after reviewing all the evidence, what weight to give the testimony of law enforcement witnesses.

> Adapted from the charges of the Honorable Jesse M. Furman in *United States v. Avenatti*, No. 19 Cr. 374 (Feb. 1, 2022), and from the charge of the Honorable J. Paul Oetken in *United States v. Matthews*, No. 18 Cr. 124 (Sept. 24, 2018).

REQUEST NO. 32: Preparation of Witnesses

You have heard evidence during the trial that some witnesses have discussed the facts of the case and their testimony with lawyers before the witnesses appeared in court. Although you may consider that fact when you evaluate a witness's credibility, I should tell you that there is nothing unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation. Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Adapted from the charge of the Honorable Lewis A. Kaplan in
*United States v. Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023).

REQUEST NO. 33: Uncalled Witnesses – Equally Available To Both Sides

There are people whose names you have heard during the course of trial, but who did not appear here to testify. I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence. The burden of proof remains at all times with the Government.

Adapted from the charge of the Honorable Lewis A. Kaplan in *United States v. Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023).

REQUEST NO. 34: Other Individuals Not on Trial

You may not draw any inference, favorable or unfavorable, toward the Government or the defendant from the fact that any person was not named as a defendant in this case, and you may not speculate as to the reasons why other people are not on trial before you now. Those matters are wholly outside your concern and have no bearing on your function as jurors in deciding the case before you.

Adapted from the charge of the Honorable Lewis A. Kaplan in *United States v. Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023).

REQUEST NO. 35: Defendant's Testimony
(If Applicable)

In a criminal case, the defendant never has a duty to testify or come forward with any evidence. The reason is that, as I have told you, the defendant is presumed innocent and the government at all times has the burden of proof beyond a reasonable doubt. But, if he chooses, the defendant has the right to testify and to take the witness stand on his own behalf.

As you saw, the defendant took the witness stand and testified. I have already instructed you on how you should evaluate the credibility of the witnesses you have heard in this case. You should evaluate the defendant's testimony the same way that you judge the testimony of the other witnesses in this case.

> Adapted from the charge of the Honorable Lewis A. Kaplan in *United States v. Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023); *see also United States v. Gaines*, 457 F.3d 238, 240 (2d Cir. 2006) ("[I]f the defendant has testified, the trial court should tell the jury to evaluate the defendant's testimony in the same way it judges the testimony of other witnesses."). *But see United States v. Solano*, 966 F.3d 184, 197 (2d Cir. 2020) (holding that it was error for the district court to instruct that "any" witness with an interest in the outcome of the case, which included the defendant, necessarily has a "motive to testify falsely").

REQUEST NO. 36: Defendant's Right Not to Testify
(If Applicable and Requested By Defense)

The defendant did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to the defendants. A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-21.

REQUEST NO. 37: Particular Investigative Techniques Not Required
(If Applicable)

You have heard reference to certain investigative techniques that were used or not used by the Government in this case. There is no legal requirement that the Government prove its case through any particular means. While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why the Government used the techniques it did or why it did not use other techniques.

Adapted from the charge of the Honorable Lewis A. Kaplan in *United States v. Gatto*, No. 17 Cr. 686 (Oct. 1, 2018).

REQUEST NO. 39: Use of Charts and Summaries

There is evidence before you in the form of charts and summaries. Those exhibits purport to summarize the underlying evidence that was used to prepare them. I admitted these charts and summaries into evidence in place of or in addition to the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. They are no better than the documents upon which they are based. Therefore, you are to give no greater consideration to these charts or summaries than you would give to the evidence upon which they are based. It is for you to decide whether they correctly present the information contained in the testimony and in the exhibits on which they were based.

Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023), and the Honorable Jesse M. Furman in *United States v. Avenatti*, No. 19 Cr. 374 (Feb. 1, 2022).

REQUEST NO. 40: Stipulations
(If Applicable)

You have heard some stipulations in this case. Generally speaking, there are two kinds.

A stipulation of fact is an agreement between the parties that a certain fact is true. You must regard such agreed-upon facts as true, but it is still for you to determine the weight to be given to that fact.

A stipulation of testimony is an agreement between the parties that, if called as a witness, the person would have given certain testimony. You must accept as true the fact that the witness would have given that testimony. However, it is for you to determine the weight to be given to that testimony.

Adapted from the charge of the Honorable Richard J. Sullivan in *United States v. Brennerman*, No. 17 Cr. 337 (Dec. 6, 2017).

REQUEST NO. 41: Transcripts
(If Applicable)

Recordings have been admitted into evidence and transcripts of those recordings were provided to you to use as aids. I instructed you then, and I remind you now, that the transcripts are not evidence. The transcripts were provided only as an aid to you in listening to the recordings. It is for you to decide whether the transcripts correctly present the conversations recorded on the recordings that you heard.

Adapted from the charge of the Honorable Richard J. Sullivan in
*United States v. Brennerman*, No. 17 Cr. 337 (Dec. 6, 2017).

REQUEST NO. 42: Redactions

There are, among the exhibits received in evidence, some documents that are redacted. "Redacted" means that part of the document or recording was taken out. You are to concern yourself only with the part of the item that has been admitted into evidence. You should not consider any possible reason why the other part of it has been deleted.

Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023), and the Honorable Jesse M. Furman in *United States v. Avenatti*, No. 19 Cr. 374 (Feb. 1, 2022).

REQUEST NO. 43: Concluding Remarks

The Government respectfully requests that the Court close by instructing the jurors regarding the selection of a foreperson, communications with the Court during deliberations, provision of copies of the Indictment and jury charge, and the procedures regarding requests for particular exhibits or testimony.

Dated: New York, New York
November 9, 2026

Respectfully submitted,

SEAN S. BUCKLEY
Deputy United States Attorney
Attorney for the United States,
Acting Under Authority Conferred
by 28 U.S.C. § 515

By: /s/ ______________________________
Nicholas W. Chiuchiolo
Ryan B. Finkel
Juliana N. Murray
Assistant United States Attorneys
26 Federal Plaza, 37th Floor
New York, New York 10278
Telephone: (212) 637-1247 / 6612 / 2314